**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SHANA LEE MCCART-POLLAK, | |
| Plaintiff, | Case No. 2:20-cv-01624-GMN-VCF |
| vs. | |
| ON DEMAND DIRECT RESPONSE LLC, *et al.*, | **ORDER** |
| Defendants. | MOTION FOR PROTECTIVE ORDER (ECF NO. 122); MOTION TO AMEND (ECF NO. 126) |

Plaintiff Shana Lee McCart-Pollak filed a motion for a protective order and a motion for leave to amend her complaint. ECF Nos. 122 and 126. I deny her motion for a protective order without prejudice. ECF No. 122. I grant her motion for leave to amend. ECF No. 126.

**I.    Background**

Plaintiff alleges in her motion for protective order that she served the defendants with numerous sets of written discovery. ECF No. 122 at 1. Plaintiff alleges that the defendants have failed to respond, included boilerplate objections, and included an objection that her discovery seeks private financial and/or confidential information. *Id.* at 2. Plaintiff alleges that during the meet and confer the defendants' attorney refused to go through each response and clarify why the responses are overbroad, vague, ambiguous, compound, irrelevant, and not likely to lead to discoverable evidence. *Id.* at 7. Plaintiff argues that a protective order will solve this issue. Plaintiff did not include the text of the discovery she seeks in the motion.

Defendants argue that they do not generally oppose the entry of a protective order which would protect the privacy of the parties regarding information exchanged in discovery. ECF No. 125. Defendants argue that is not at issue here because plaintiff seeks irrelevant, private information, such as information regarding defendants' income and assets which have no relation to the claims and defenses in this matter. *Id.* at 2. Defendants argue that plaintiff does not address which discovery responses are at issue, so the defendants are unable to respond regarding each alleged objection. *Id.* Plaintiff argues in her reply that privileges of private, confidential, and/or financial privacy are not absolute. ECF No. 127.

I previously ordered that plaintiff's second amended complaint be stricken from the record. ECF No. 116. Plaintiff argues in her motion for leave to amend her complaint that she wants to modify one of her claims. ECF No. 126. Plaintiff wants to change her intentional infliction of emotional distress claim to one for negligent infliction. See proposed complaint, *Id.* at 8. She also wants to make some additional factual allegations. *Id.* The defendants argue in their response that her entire proposed complaint is futile. ECF No. 128 and 130. Plaintiff argues in her reply that her leave to amend should be freely given. ECF No. 135. The amended pleadings deadline in this case, per the parties' stipulation, is January 17, 2022. ECF No. 124 at 3.

II.     Analysis

"A document filed pro se is, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.)*, No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations omitted). "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685

(9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court **_and the parties_** to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1 (emphasis added).

Per Local Rule 26-6 (b), "[a]ll motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it." "Discovery motions will not be considered unless the movant…has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion." LR 26-6(c).

At this point in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Courts are empowered to deny leave to amend based on the futility of the amendment. See e.g., *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary

judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

Since the plaintiff takes issue with defendants' responses to written discovery regarding many of their objections, I liberally construe her motion as a motion to compel. Plaintiff has not complied with Local Rule 26-6(b) as she did not set forth the text of the discovery it sought in its motion to compel. It is impossible for me to tell which discovery responses are at issue here. The defendants state that they do not oppose stipulating to a protective order with the plaintiff for discovery in this case, so I order the parties to meet and confer regarding agreeing to a protective order.

When parties fail to communicate with each other, it violates Rule 1 and it wastes scarce judicial resources. While the parties technically met and conferred, based on the representations both parties make, I find that the parties did not have a good faith discussion to resolve these issues prior to plaintiff filing this motion. I deny plaintiff's motion without prejudice. I order that the parties must meet and confer in good faith, face-to-face via videoconference (or over multiple videoconferences if needed), regarding the issues plaintiff raises in this discovery motion, and any other discovery issues that the parties foresee arising. I will consider sanctioning all the parties if they are unable to meet and confer in good faith and make good faith efforts to resolve these issues without further intervention. If plaintiff renews this motion, she must include the full text of the discovery at issue and detail the parties' meet-and-confer efforts.

The parties stipulated to extend the deadline to amend in the scheduling order, so the motion for leave to amend could not have been a surprise for any of the defendants. I find that the plaintiff acted diligently because she seeks leave to amend long before the deadline the parties agreed to; she also seeks leave to amend in good faith as she only changes one claim. I further find that the defendants' futility

4

arguments are better addressed through a motion to dismiss given the extreme liberality of amendment promoted by Rule 15. I find that the plaintiff has met the requirements for amendment pursuant to Rule 15.  Plaintiff may file the proposed amended complaint she attached to this motion to amend.

ACCORDINGLY,

I ORDER that plaintiff's motion for a protective order (ECF No. 122) is DENIED WITHOUT PREJUDICE.

I FURTHER ORDER that the parties must meet and confer in good faith, face-to-face, via videoconference(s) by December 7, 2021.

I FURTHER ORDER that plaintiff's motion for leave to amend its complaint (ECF No. 126) is GRANTED.

I FURTHER ORDER that plaintiff has until Tuesday, November 23, 2021 to file her amended complaint.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

      IT IS SO ORDERED.

      DATED this 16th day of November 2021.

                                                                _____
                                                                CAM FERENBACH
                                                                UNITED STATES MAGISTRATE JUDGE