# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHANA LEE McCART-POLLAK,

         Plaintiff,

vs.

ON DEMAND DIRECT RESPONSE LLC, Delaware Company, ON DEMAND DIRECT RESPONSE III, LLC, Delaware Company; Brett Saevitzon, individual; CRAIG SHANDLER, individual; JEFFREY MILLER, individual, MARK MEYERS; DOES I-X; ROE BUSINESS ENTITIES I-X,

         Defendants.

Case No.: 2:20-cv-01624-GMN-VCF

**ORDER**

Pending before the Court are two Motions to Dismiss, one filed by Defendant Mark Meyers ("Defendant Meyers") and the other filed by Defendants Craig Shandler and Brett Saevitzon ("Defendants Shandler and Saevitzon") (collectively, "Defendants"). (ECF Nos. 138, 140). Also pending before the Court is the Motion to Extend Time, (ECF No. 144), filed by Plaintiff Shana McCart-Pollack ("Plaintiff"). Plaintiff filed a Response to both Motions to Dismiss, (ECF Nos. 141, 147), to which each Defendants filed a Reply, (ECF Nos. 143, 148).

For the reasons discussed herein, Defendants Meyers' Motion to Dismiss and Plaintiff's Motion to Extend Time are **GRANTED**. Further, Defendants Shandler and Saevitzon's Motion to Dismiss is **DENIED**.[1]

///

---

[1] Under Fed. R. Civ. P. 15(3) "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." *Id.* Here, Plaintiff filed her Third Amended Complaint on November 23, 2021. (Third Am. Compl., ECF No. 137). Defendants Shandler and Saevitzon did not file their Response until twenty-one days later on December 14, 2021. (Shandler and Saevitzon MTD, ECF No. 140). Accordingly, the Court denies Defendants Shandler and Saevitzon's Motion to Dismiss as untimely.

## I. BACKGROUND

A more thorough discussion of the background facts appears in Judge Du's decision in *On Demand Direct Response, LLC v. McCart-Pollack*, so the Court will not recite them here. *See* No. 2:15-cv-01576, 2016 WL 5796868 (D. Nev. Sept. 30, 2016) (ECF No. 191). As relevant here, this case arises from a series of alleged malicious actions taken by Defendant Meyers and others against the Plaintiff in a prior lawsuit ("Underlying Action"). (*See generally* Third. Am. Compl., ECF No. 137). Plaintiff contends that Defendant Meyers acted in concert with other parties in initiating the Underlying Action on August 17, 2015, to intimidate Plaintiff and keep their "liability and fraudulent business practices from coming to light." [2] (*Id*. ¶¶ 43, 166).

Throughout the Underlying Action, Plaintiff broadly alleges that Defendant Meyers attempted to intimidate her. (*Id*. ¶¶ 41, 63, 98–99). Moreover, Plaintiff asserts that Defendant Meyers took improper actions prior to and during a hearing for injunctive relief held on October 16, 2015. (*Id*. ¶¶ 48–62). Sometime after this hearing, Plaintiff alleges that Defendant Meyers improperly proffered a minimal settlement offer. (*Id*. ¶ 100). Additionally, Plaintiff alleges that from 2018 to 2019 Defendant Meyers abused the discovery process as a non-party in the Underlying Action by engaging in spoilation and actively concealing evidence from the Court. (*Id*. ¶¶ 95–96).

On August 28, 2020, Plaintiff filed her first Complaint in this Court. (Pl.'s Compl. ECF No. 1). On July 20, 2021, Plaintiff filed her Second Amended Complaint.[3] (Pl.'s Second Am. Compl., ECF No. 93). On November 23, 2021, Plaintiff filed her Third Amended Complaint,

---

[2] Defendant Meyers was dismissed from the Underlying Action on September 30, 2016. (Meyers MTD at 4, ECF No. 138).

[3] Plaintiff's Second Amended Complaint was stricken from the record on August 24, 2021. (ECF No. 115).

alleging claims of: (1) malicious prosecution and malicious use of process; (2) abuse of process; and (3) negligent infliction of emotional distress. (Third Am. Compl. ¶¶ 165–206). On December 2, 2021, Defendant Meyers filed the instant Motions to Dismiss. (*See generally* Meyers MTD, ECF No. 138).

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282

(9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. DISCUSSION

Defendant Meyers asserts that all three of Plaintiff's claims fail as a matter of law. Foremost, Defendant Meyers argues that Plaintiff does not raise a cognizable malicious prosecution claim because Defendant Meyers never initiated a prior criminal proceeding against Plaintiff. (Meyers MTD at 11, ECF No. 138).  Plaintiff, in rebuttal, asserts that a malicious prosecution claim can be brought in response to a prior civil action. (Pl.'s Resp. Meyers MTD 4:26–5:13, ECF No. 141).

Next, Defendant Meyers posits that Plaintiff's abuse of process claim is barred because it was filed after the relevant statute of limitations accrued. (Meyers MTD at 4– 5); (Meyers Reply 7:9–21, ECF No. 143).  Alternatively, Defendant Meyers argues that Plaintiff's abuse of process claim is barred because it is a compulsory counterclaim that Plaintiff was obligated to bring in the Underlying Action. (Meyers MTD at 4– 5); (Meyers Reply 7:9–21).  In response, Plaintiff argues that her abuse of process claim is timely because she alleged that Defendant Meyers engaged in improper conduct after he was dismissed from the Underlying Action. (Pl.'s Resp MTD 8:24–20:24).

Finally, Defendant Meyers argues that Plaintiff's negligent infliction of emotional distress claim fails as a matter of law because Plaintiff failed to include in her Third Amended Complaint factual allegations demonstrating that Plaintiff suffered serious emotional distress causing physical injury or illness. (Meyers MTD at 14). In rebuttal, Plaintiff provides examples of the emotional distress she has suffered due to the Underlying Action. (Pl.'s Resp. Meyers MTD 21:14–13). The Court will first examine Plaintiff's malicious prosecution claim.

### A. MALICIOUS PROSECUTION

Defendant Meyers argues that Plaintiff's malicious prosecution claim fails as a matter of law because he never brought a prior criminal proceeding against her. (Meyers MTD at 11).

"A malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff." *LaMantia v. Redisi*, 38 P.3d 877, 879–80 (Nev. 2002); *see Grand Canyon Skywalk Dev. LLC v. Cieslak*, No. 2:13-cv-00596, 2015 U.S. Dist. LEXIS 51598, at 9 n.2 (D. Nev. Mar. 26, 2015) ("Nevada does not recognize a common law cause of action for malicious prosecution arising out of an underlying civil action.").

The facts of this case show that Defendant Meyers never initiated or procured the institution of a criminal proceeding against Plaintiff. Therefore, as a matter of law, Plaintiff cannot assert a malicious prosecution claim against Defendants.

### B. ABUSE OF PROCESS

Defendant Meyers argues that Plaintiff's claim for abuse of process fails as a matter of law because it is time barred under the applicable statute of limitations. (Meyers MTD at 7–8). Alternatively, Defendant Meyers contends that Plaintiff's claim is barred because it is a compulsory counterclaim that should have been raised in the Underlying Action. (*Id*.). In rebuttal, Plaintiff argues that her abuse of process claim is not barred because she has alleged that Defendant Meyers engaged in improper conduct after he was dismissed from the

Underlying Action. (Pl.'s Resp MTD 8:24–20:24).  The Court will first examine Defendant Meyers contention that Plaintiff's abuse of process claim is time barred.

### 1.  Statute of Limitations

Under Nevada law, an abuse of process claim is subject to a two-year statute of limitation. *See, e.g.*, *Nw. Airlines, Inc. v. Camacho*, 296 F.3d 787, 791 (9th Cir. 2002) ("Malicious prosecution and abuse of process claims are properly treated as claims for injuries to the person"); NRS § 11.190(4)(e) ("an action to recover damages for injuries to a person" is subject to a two year period of limitations); *Tsambis v. Irvine*, No. 2:17-cv-2482, 2018 WL 3186940, at *10 (D. Nev. June 28, 2018) (writing that abuse of process claims "are subject to a two year statute of limitations").  "'A cause of action for abuse of process accrues from the termination of the acts which constitute the abuse complained of,' and not from the completion of the action in which the process issued." *Pitsnogle v. City of Reno*, 3:08-cv-0563, 2009 WL 10659498, at *8 (D. Nev. Sept. 30, 2019).

Plaintiff bases her abuse of process claim in part on her allegations that Defendant Meyers engaged in improper conduct during and immediately after the hearing for injunctive relief in 2016. (Third Am. Compl. ¶¶ 48–62).  Plaintiff further relies on her allegation that Defendant Meyers made improper minimal settlement offers to Plaintiff sometime after the hearing.[4]  (*Id.* ¶ 100).  Plaintiff filed her first Complaint on August 28, 2020. (Pl.'s Compl. ECF No. 1).  Accordingly, Plaintiff's reliance upon this conduct is time-barred under the two-year statute of limitations.  Therefore, the Court will only consider Defendant Meyers alleged conduct within two years of Plaintiff's filing date.

///

///

---

[4] Because Defendant Meyers was dismissed from the Underlying Action on September 30, 2016, any alleged settlement offer would naturally have been made before that date. (Meyers MTD at 4).

### 2. Defendant Meyers Conduct

As previously mentioned, Plaintiff alleges that Defendant Meyers attempted to intimidate her and abused the discovery process by engaging in spoilation and concealing evidence from the Court sometime between 2018 to 2019. (Third Am. Compl. ¶¶ 41, 63, 95–96). Defendant Meyers argues that Plaintiff's abuse of process claim is barred because it is a compulsory counterclaim. (Meyers MTD at 7–8); (Meyers Resp. 10:7–18).

Under Nevada law, an abuse of process claim requires: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Lobato v. Las Vegas Metropolitan Police Department*, No. 2:19-cv-01273, 2022 WL 4017055, at 14 (D. Nev. Sept. 1, 2022). An ulterior purpose is "any improper motive underlying the issuance of legal process." *Posadas v. City of Reno*, 851 P.2d 438, 445 (Nev. 1993). However, the mere filing of a complaint with malicious intent is insufficient to state an abuse of process claim; there must also be some subsequent act to filing which abuses the process. *Bricklayers & Allied Craftsmen, Local Union No. 3 v. Masonry and Tile Contractors Ass'n of Southern Nevada*, 1990 U.S. Dist. LEXIS 18520, at *28 (D. Nev. 1990) ("Plaintiffs must include some allegation of abusive measures taken after the filing of the complaint in order to state a claim.").

The Ninth Circuit has held that abuse of process claims are compulsory counterclaims to the underlying substantive action(s). *See Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1253 (9th Cir. 1987). In federal court, a compulsory counterclaim not stated prior to the conclusion of the action by judgment is generally barred. S*ee Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 468 (1974). The Court agrees with Defendant Meyers that Plaintiff's abuse of process claim is barred to the extent it relies on Defendant Meyers' conduct while he was a party to the Underlying Action. *See Hampton v. Nustar Mgmt. Fin. Grp.*, No. 2:05-CV-0824, 2007 WL 119146, at *2 (D. Nev. Jan. 10, 2007) (writing that an abuse of process claim under

Nevada law is a compulsory counterclaim); *Brekka v. Smith*, No. 2:08-cv-01429, 2009 WL 10693604, at *6 (D. Nev. Oct. 26, 2009) (dismissing plaintiff's abuse of process claim against defendants who were dismissed in a prior action because it was a compulsory counterclaim). The Court disagrees, however, that Plaintiff's entire claim is barred. By alleging that Defendant Meyers threatened her and abused the discovery process from 2018 to 2019 when he was a non-party, Plaintiff is alleging new information that could warrant bringing this claim now. (Third Am. Compl. ¶ 95–96). Accordingly, the Court declines to dismiss Plaintiff's abuse of process claim against Defendant Meyers on these grounds.

As stated above, the elements of an abuse of process claim are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia*, 38 P.3d at 879. Plaintiff contends that Defendant Meyers and other prior parties filed the Underlying Action with the improper purpose of intimidating Plaintiff in order to keep their "liability and fraudulent business practices from coming to light." (Third Am. Compl. ¶ 166). This allegation satisfies the first element of an abuse of process claim. Plaintiff, however, is unable to prove the second element of this claim.

Plaintiff alleges Defendant Meyers engaged in spoilation and concealed documents from the Court. However, this conduct does not constitute a "process" of the Court. *See Hussein v. Frederick*, No. 3:06-cv-00585, 2007 WL 9658420, at *5 (D. Nev. April 3, 2017) (concluding that plaintiff's allegation that defendants paid off witnesses and hid evidence did not involve a "process" of the court and therefore did not constitute an abuse of process); *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 907 (E.D. Cal. 2006) (finding that plaintiff's assertion that defendants committed spoilation and concealed evidence "suggest" at most "a violation of civil discovery rules" which "on its own, does not constitute abuse of process"). Similarly, Plaintiff's claim that Defendants made misrepresentations to the Court prior to and during

discovery is a legal conclusion and not a plausible factual allegation under Rule 12(b)(6). *See InjuryLoans.com, LLC v. Buenrostro*, 529 F. Supp. 3d 1178, 1190 (D. Nev. 2021). Moreover, Plaintiff's allegations that Defendant Meyers attempted to intimidate her by issuing a threat does not constitute an abuse of process. *See Hussein*, 2007 WL 9658420, at *5 (finding that plaintiff's contention that defendants intimidated by threatening witnesses and parties failed to constitute an abuse of process); *InjuryLoans.com, LLC*, 529 F. Supp. 3d at 1190. (concluding that defendant's assertion that plaintiff intimidated witnesses did not constitute an abuse of abuse because it is "a legal conclusion and not a plausible factual allegation under Rule 12(b)(6). Therefore, Plaintiff's abuse of process claim will be dismissed for failure to state a claim.

### C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendant Meyers, in rebuttal, assert that Plaintiff has failed to provide factual allegations of serious emotional distress causing physical injury or illness. (Meyers MTD at 13–14); (Meyers Resp. 12:10–12). Additionally, Defendant Meyers asserts that Plaintiff's negligent infliction of emotional distress claim is time-barred. (Meyers MTD at 10).[5] In rebuttal, Plaintiff provides examples of the emotional distress she has suffered due to the Underlying Action. (Pl.'s Resp. Meyers MTD 21:14–13).

A claim for negligent infliction of emotional distress for harm inflicted directly upon the plaintiff is only available where the plaintiff has asserted a negligence claim that includes

---

[5] Under Nevada law, the limitations period to recover for injuries to a person caused by the wrongful act or neglect of another is two years. NRS § 11.190(4)(e). "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Peterson v. Bruen*, 792 P.2d 18, 20 (1990). An action is deemed to be commenced on the date the complaint is filed. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). For the same reasons as stated above, Plaintiff's negligent infliction of emotional distress is not completely time barred under NRS § 11.190(4)(e). Plaintiff broadly asserts that her alleged emotional distress was caused by Defendant Meyers conduct from 2015 to 2019. (*See generally* Third Am. Compl.). Therefore, Plaintiff's negligent infliction of emotional distress claim is in part derived from conduct that was not yet barred under NRS § 11.190(4)(e) when she filed her first Complaint on August 8, 2020. (Pl.'s Compl.).

emotional distress as an element of the damages suffered. *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995). In addition, if "emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).

Here, Plaintiff has failed to state a claim for negligent infliction of emotional distress because she has not adequately alleged the physical manifestation of emotional distress that is necessary to support an award of damages under such a claim. Plaintiff claims that she has "suffered severe emotional distress" which has required "specialized medical attention" as a result of Defendants actions. (Third Am. Compl. ¶ 206). Plaintiff does not allege specific facts or examples of her emotional distress. *See Barmettler*, 956 P.2d at 1387 (writing that plaintiff obtaining psychotherapy and contemplating suicide was not enough to satisfy physical manifestation requirement for a negligent infliction of emotional distress claim); *Wilson v. Douglas County School District*, 3:05-CV-00220, 2007 WL 9757472, at *8 (D. Nev. Mar. 29, 2007) (finding that plaintiff's contention that she was hospitalized and suicidal due to defendant's conduct was insufficient to show a physical manifestation of emotional distress where the evidence did not indicate plaintiff's specific symptoms). *Amie v. Kraft-Sussman Funeral Service, Inc.*, No. 2:18-cv-02131, 2018 WL 6372889 at *2 (D. Nev. Nov. 30, 2018) (finding that plaintiff's general allegations that she "was emotionally marred, left grief-stricken, and has suffered severe emotional distress" was insufficient support to support a negligent infliction of emotional distress claim); *Ferm v. McCarty*, No. 2:12-cv-00782, 2014 WL 6983234 at *8 (D. Nev. Dec. 9, 2014) (concluding that the plaintiff failed to show an adequate physical manifestation of emotional distress where generally asserted he suffered from "depression, nervousness, grief, anxiety, insomnia, and other forms of emotional harm").

Accordingly, Plaintiff has not alleged or presented evidence of any physical symptoms or physical impact that would allow her to recovery under a theory of negligent infliction of emotional distress. While *pro se* litigants are entitled to a liberal construction of their pleadings, the Court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Leave to amend is granted liberally, but not automatically. *See In re W. States Whilesale Nat. Gas. Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Because this is Plaintiff's third complaint, and she has still failed to plead basic facts to support any of her claim's, the Court finds that Plaintiff is not in possession of facts that would plausibly support her claims, and that amendment would therefore be futile. (*Id.*). Accordingly, the Court dismisses Plaintiff's claims with prejudice.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Meyer's Motion to Dismiss, (ECF No. 138), and Plaintiff's Motion to Extend Time, (ECF No. 144), are **GRANTED**.[6] IT IS **FUTHER ORDERED** that Defendants Shandler and Saevitzon's Motion to Dismiss, (ECF No. 140), is **DENIED.**

**DATED** this __6__ day of October, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[6] Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, exception a motion under Fed. R. Civ. P. 5 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Defendants have not filed a response to Plaintiff's Motion for Extension. Accordingly, pursuant to this District's Local Rule 7-2(d), Plaintiff's Motion for Extension is granted.