# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| Shana Lee Mccart-Pollak,<br><br>             Plaintiff,<br><br>vs.<br><br>On Demand Direct Response LLC, *et al.*,<br><br>             Defendants. | Case No. 2:20-cv-01624-GMN-VCF<br><br>**Order**<br><br>Motion to Strike [164] Amended Complaint (ECF No. 165); Motion Requesting Guidance (ECF No. 167); Motion for Sanctions (ECF No. 168); Motion for Leave to File Surreply (ECF No. 171) |

      Defendants Brett Saevitzon and Craig Shandler filed a motion to strike the amended complaint and for sanctions. ECF Nos. 165 and 168. Pro se plaintiff Shana Lee McCart-Pollak filed a motion requesting guidance and a motion for leave to file sur-reply. ECF No. 167 and 171. I grant the motions to strike and the motion for leave to file a sur-reply. ECF Nos. 165 and 171. I deny the motions for sanctions and requesting guidance. ECF No. 167 and 168.

**I.    Background**

      On October 6, 2022, Judge Navarro dismissed plaintiff's claims against one of the defendants with prejudice. ECF No. 163. Judge Navarro specifically found that amendment would be futile and did not grant plaintiff leave to amend. *Id.* Judge Navarro granted plaintiff's motion requesting an extension

of time to respond to defendants Shandler and Saevitzon's motion to dismiss (the defendants did not oppose the extension). ECF No. 144. Judge Navarro denied defendants Shandler and Saevitzon's motion to dismiss because she found that they did not file it on time. *Id.* The operative complaint in this case is plaintiff's third amended complaint. ECF No. 137. Defendants Shandler and Saevitzon have not, to date, filed an answer to the operative complaint.[1]

On October 20, 2022, plaintiff filed a fourth amended complaint on the docket. ECF No. 164. Defendants Shandler and Saevitzon argue in their motion to strike that Judge Navarro specifically did not grant plaintiff leave to amend. ECF No. 165. Plaintiff argues in her response that she asked for leave to file an amended complaint *within* in her motion for an extension of time to file a response to the motion to dismiss. ECF No. 144. Plaintiff argues that since Judge Navarro granted her motion for an extension of time, then Judge Navarro also granted her leave to amend. *Id.* The defendants argue in their reply that Judge Navarro did not grant plaintiff leave to amend because (1) her request for leave to amend was buried within a motion that only captioned her request to extend time to file a response and (2) that she did not attach a copy of the proposed amended complaint to her motion for an extension of time. ECF No. 170 at 2.

Plaintiff's motion requesting guidance is difficult to follow, but she appears to be seeking legal advice regarding taking discovery in this case. ECF No. 167. The defendants did not file a response to this motion.

The defendants argue in their motion for sanctions that the court previously sanctioned plaintiff after she filed her second amended complaint without leave, so she is aware of the rules regarding amendments. ECF No. 168. Plaintiff argues in her response that she followed the rules and she has the

---

[1] A defendant must answer the complaint within 14 days of receiving notice of the court's order on the defendant's motion to dismiss if the court denied the motion. Fed. R. Civ. P. 12(a)(4)(A).

right to amend as a matter of course. ECF No. 172 at 8. The defendants filed a reply that purports to address both of their motions[2] (ECF No. 170) but they do not make any specific arguments about the motion for sanctions in the reply.

Plaintiff argues in her motion for leave to file a sur-reply that the defendants cited to Local Rule 15-1(a) for the first time in their reply, so she seeks an opportunity to respond. ECF No. 171 at 2. In her proposed sur-reply, she argues, without authority, that LR 15 does not apply "during the motion to dismiss process." ECF No. 171 at 7. Defendants argue in their opposition that her belief that the LR 15 does not apply here is misguided, and that although she is pro se she is still expected to follow the rules. ECF No. 173. Plaintiff maintains her argument in her reply that LR 15 does not apply since a motion to dismiss was pending.

## II.     Analysis

Federal Rule of Civil Procedure 12(f) allows the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Local Rule 15-1(a) which governs amended pleadings states that, "Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. "A document filed pro se is, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *M.C. Prods., Inc. v. AT&T (In re M.C. Prods., Inc.*), No. 98-56964, 1999 U.S. App. LEXIS 34116, at 2 (9th Cir. Dec. 22, 1999) (citations

---

[2] According to Local Rule IC 2-2(b), "For each type of relief requested or purpose, a separate document must be filed."; see also Clerk's Notice at ECF No. 166.

3

omitted).

The United States Supreme Court has acknowledged that requiring trial judges to explain the details of federal procedure or act as a pro se litigant's counsel "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004). For a judge to give advice to a pro se litigant on the legal process "would entail the district court's becoming a player in the adversary process rather than remaining its referee." *Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986). LR IA 11-8 provides that, "The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who...(c) Fails to comply with these Local Rules…. or (e) Fails to comply with any order of this court."

Plaintiff buried her request for leave to amend within her motion for an extension of time to file a response to the defendant's motion to dismiss. Expecting a judge to detect a request buried within a motion on another topic is inappropriate. "Judges are not like pigs, hunting for truffles buried in briefs." *Everett H. v. Dry Creek Joint Elem. Sch. Dist.*, No. 2:13-cv-00889-MCE-DB, 2017 U.S. Dist. LEXIS 73764, at 7 (E.D. Cal. May 12, 2017), citing to *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Plaintiff's behavior violates multiple local rules, including Rule 15-1(a) and Rule IC 2-2(b). Plaintiff is familiar with the rules regarding seeking leave to amend.

Rule IC 2-2(b) mandates that a litigant must file a separate motion for each request. Judge Navarro did not grant plaintiff leave to amend. Judge Navarro specifically declined to grant plaintiff leave to amend in her order. I read and considered plaintiff's motion for leave to file a sur-reply, so I grant that motion. Plaintiff's explanation regarding why local rule 15 does not apply lacks support: plaintiff must follow the local rules of this court. I grant the defendant's motion to strike her complaint. Plaintiff will not be prejudiced because she may object to my order.

I cannot give legal advice or counsel pro se litigants, save for recommending that they seek the advice of an attorney. Construing plaintiff's request for guidance liberally, it appears that plaintiff is seeking legal advice regarding how she should proceed with this case and how she should take discovery. I deny plaintiff's request for guidance.

Given that both sides have missed deadlines and have not always followed the rules (as discussed throughout this order), I will not sanction plaintiff at this juncture.[3] I also sua sponte extend the deadline for the defendants to file an answer to the operative complaint. I also lift the discovery stay. The parties must file a discovery plan and scheduling order. It is my hope that the parties can start from a clean slate and work together to move this case forward, while staying mindful of the rules going forward.

ACCORDINGLY,

I ORDER that defendants' motion to strike (ECF No. 165) is GRANTED.

I FURTHER ORDER the Clerk of Court to STRIKE plaintiff's fourth amended complaint (ECF No. 164).

I FURTHER ORDER that plaintiff's motion requesting guidance (ECF No. 167) is DENIED.

I FURTHER ORDER that defendants' motion for sanctions (ECF No. 168) is DENIED.

I FURTHER ORDER that plaintiff's motion for leave to file sur-reply (ECF No. 171) is GRANTED.

I FURTHER ORDER that the defendants have until Monday, January 30, 2023 to file an answer to the operative complaint in this case.

I FURTHER ORDER that the parties have until Wednesday, February 8, 2023 to file a joint

---

[3] I do, however, caution plaintiff that her actions in this case are boarding on vexatious. I will not hesitate to sanction plaintiff in the future, which could include case dispositive sanctions.

discovery plan and scheduling order.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 19th day of January 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE