# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANA LEE McCART-POLLAK, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-01624-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| ON DEMAND DIRECT RESPONSE LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff Shana Lee McCart-Pollak's ("Plaintiff's") Objection, (ECF No. 181), to the Magistrate Judge's Order, (ECF No. 175).

For the reasons discussed herein, Plaintiff's Objection is DENIED, and the Court ACCEPTS and ADOPTS the Magistrate Judge's Order in full.

## I. BACKGROUND

On October 6, 2022, the Court entered an Order granting Defendant Mark Meyers ("Meyers") Motion to Dismiss Plaintiff's Third Amended Complaint, and denying Defendants Craig Shandler and Brett Saevitzon's ("Defendants'") Motion to Dismiss because it was untimely filed. (*See generally* Order Mot. Dismiss ("MTD"), EF No. 163). Following this Order, Plaintiff filed her Fourth Amended Complaint without being granted leave to amend, (ECF No. 164), to which the Defendants subsequently filed a Motion to Strike, (ECF No. 165).

On January 19, 2023, the Magistrate Judge entered an Order granting Defendants' Motion to Strike and denying Plaintiff leave to file her Fourth Amended Complaint pursuant to Fed. R. Civ. P. 15. (*See generally* Order, ECF No. 175). Plaintiff then filed the present Objection, (ECF No. 181), arguing that the Magistrate Judge erred in denying her leave to amend. The Court discusses Plaintiff's Objection below.

///

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge Order

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Kennison v. DeCarlo*, No. 2:21-cv-02210, 2022 WL 231763, at *1 (D. Nev. June 28, 2022). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### B. Fed. R. Civ. P. 15

Under Fed. R. Civ. P. 15, "[a] party may amend its pleading once as a matter of course . . . only with the opposing party's written consent or the court's leave," and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). These factors do not carry equal weight; the possibility of delay

alone, for instance, cannot justify denial of leave to amend, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981).

## II.   DISCUSSION

As stated, the Magistrate Judge granted Defendants' Motion to Strike, and denied Plaintiff leave to file her Fourth Amended Complaint. (Order 3:12–4:24). By the instant Objection, Plaintiff argues that the Magistrate Judge erred in denying her leave to amend under Rule 15. (Obj. 7:4–12:2).

As an initial matter, the Court notes that Plaintiff's Objection is based in part off a mistaken premise. In the Court's previous Order denying Defendants' Motion to Dismiss, it also granted Plaintiff's Motion to Extend Time, (ECF No. 144), in a footnote. (Order MTD 11:23–25). The Magistrate Judge correctly observed that in granting this Motion, the Court was not granting Plaintiff leave to file her Fourth Amended Complaint. (Order 4:10–23). Indeed, Plaintiff's filing was titled as a "Motion to Extend Time to Respond to Defendants Brett Saevitzon and Craig Shandlers Motion to Dismiss," argued that good cause existed only to extend time to respond to Defendants Motion to Dismiss, (Mot. Extend Time 2:6–13), and requested relief in the conclusion limited to the Court "allow[ing] her fourteen (14) days to respond in Opposition to Defendant's Motion to Dismiss." (*Id*. 2:18–21). Plaintiff is correct that in the opening paragraph of the Motion, she also requested in a single sentence that "the Court [] allow her leave to amend her complaint." (*Id*. 1:21). But the reasonableness of her contention is belied by the fact that her Motion was otherwise entirely dedicated to requesting an extension of time to respond to Defendants Motion to Dismiss. As Plaintiff is *pro se*, and

the Court failed to specify in its Order that it was not giving Plaintiff leave to amend her complaint, it will construe the Motion to Extend Time and Plaintiff's subsequent actions as an honest mistake. In the future, the Court advises Plaintiff to follow Local Rule IC 2-2(b), which states that "[f]or each type of relief requested or purpose of the document, a separate document must be filed . . . ." Accordingly, the Court agrees with the Magistrate Judge that the Court did not give Plaintiff leave to amend her complaint.

Next, Plaintiff argues that the Magistrate Judge erred in finding that she should not be given leave to amend pursuant to Fed. R. Civ. P 15. (Obj. 7:3–14:28). Here, Plaintiff seeks to file her Fourth Amended Complaint, which would be her fifth complaint in this case.[1] For the reasons stated below, the Court finds that the three previous amendments permitted by the Court, undue delay, and undue prejudice to Defendants demonstrate that further amendment is not warranted.

First, Plaintiff has previously amended her complaint three times, and thus has already filed a total of four complaints in this case, which weighs against granting leave to amend. *See City of Los Angeles v. San Pedro Boat Work*, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's decision to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quotation omitted). Although Rule 15(a) does not "place[] [a] specific limit on the number of times a court may grant a party leave to amend," it also does not "require a court to keep giving a party repeated chances to amend." Steven S. Gensler, Fed. R. Civ. P. Rules and Commentary 288–89 (2011). That Plaintiff has already had several

---

[1] The Court notes that Plaintiff's Fourth Amended Complaint could be interpreted as only her fourth complaint because her Second Amended Complaint was stricken pursuant to the Magistrate Judge's Order on August 24, 2021. (*See generally* Mins. Proceeding, ECF No. 116). Whether Plaintiff is requesting leave to submit her fourth or fifth complaint does not affect the Court's analysis or conclusion, however, as either way, Plaintiff has already been given multiple chances to amend her complaint. *See Cal. Coal for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, 657 F. App'x 675, 678 (9th Cir. 2016) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

opportunities to state her claims weighs against permitting her another opportunity to amend. *See Destfino v. Reiswig*, 630 F.3d 952, 958–59 (9th Cir. 2011) ("Plaintiffs had three bites at the apple, and the court acted well within its discretion in allowing a fourth.") (citation omitted).

Turning to undue delay, "[a]lthough 'delay, by itself, is insufficient to justify denial of leave to amend,' courts still consider delay when considering whether to grant leave to amend a complaint." *P.H. v. Cnty. of Riverside*, No. 5:15-cv-00890, 2019 WL 3213740, at *2 (C.D. Cal. May 22, 2019) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Plaintiff filed suit on August 8, 2020. (*See generally* Compl., ECF No. 1). Her latest request to amend was filed on October 20, 2022, over two years later. (*See generally* Fourth Am. Compl., ECF No. 164). As this litigation approaches its third year, it is just now progressing beyond the pleading stage. *See Spindler v. City of Los Angeles*, No. 16-cv-5655, 2019 WL 13032141, at *12 (C.D. Cal. Feb. 14, 2019) (observing, in considering undue delay, that the action was over two and a half years old and "still ha[d] not progressed beyond the pleading stage). The length of the present suit also weighs against granting leave to amend.

Further, Plaintiff seeks leave to file her Fourth Amended Complaint primarily to add an alter ego claim. (Obj. 12:3–13:28). But upon review of her Fourth Amended Complaint, none of the facts which form the predicate of this claim were unavailable when Plaintiff filed her Third Amended Complaint, (*see generally* Fourth Am. Compl.), and Plaintiff concedes that many of the facts which underly this claim were already within her Third Amended Complaint. (Obj. 13:5–11). Plaintiff has presented no explanation for her failure to allege her alter ego claim in the previous iterations of her complaint, which further weighs against granting her leave to amend. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (explaining that the Ninth Circuit has "noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action," and affirming

denial of leave to amend where the plaintiff's delay in bringing the proposed claim was the result of a "tactical choice" to omit that claim in the original complaint); *Kittel v. City of Oxnard*, No. 17-cv-6709, 2018 WL 6004522, at *5 (C.D. Cal. July 8, 2019) ("Plaintiff has failed to justify the delay in bringing this Motion, especially where the factual bases for at least some of the claims were present in the SAC and Plaintiff has already had several opportunities to plead her claim."); *Tindle v. City of Daly City*, No. 13-cv-02449, 2016 WL 3198619, at *2 (N.D. Ca. June 9, 2016) ("The basis for all of the additional claims and facts Plaintiffs seek to add by way of amendment has been known to them since before the filing of the May 2013 complaint . . . . This fact weighs strongly against granting leave to amend now.").

      Moreover, the continuation of the undue delay would in turn prejudice Defendants. Defendants have already filed two Motions to Strike, (ECF Nos. 97, 164), one Motion to Dismiss, (ECF No. 140), and one pending Motion for Summary Judgment, (ECF No. 177). Defendants would be unduly prejudiced if the possible disposition and resolution of this case was effectively halted, and they were required to restart the litigation cycle by filing a third motion to strike or second motion to dismiss, and later, a second motion for summary judgment. *See M/V Am. Queen*, 708 F.2d at 1492 (finding undue delay and prejudice in part because "a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend"); *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658, 2021 WL 1839700, at *2 (N.D. Cal. May 8, 2021) ("Google will be unduly prejudiced if Google is required to file a fourth motion to dismiss and a second motion for summary judgment."); *Spindler*, 2019 WL 13032131, at *13 ("Plaintiff's recalcitrance has required Defendants to file multiple motions to dismiss repetitive, confused pleadings over a span of more than two years, which suggests undue delay necessarily resulting in prejudice to Defendants.").

///

The lodestar guiding court's when evaluating whether leave to amend should be given is that it should be liberally granted. *See Ascon Properties, Inc., v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). But liberally does not mean without limitation. For the reasons set forth above, the Court finds that the circumstances do not warrant granting Plaintiff leave to amend her complaint. Therefore, the Court DENIES Plaintiff's Objection and ACCEPTS and ADOPTS the Magistrate Judge's Order.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 181), is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation, (ECF No. 175), is **ACCEPTED** and **ADOPTED** in full.

**DATED** this __9__ day of February, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT