UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANA LEE McCART-POLLAK,<br><br>           Plaintiff,<br>vs.<br><br>ON DEMAND DIRECT RESPONSE LLC, *et al.*,<br><br>           Defendants. | Case No.: 2:20-cv-01624-GMN-VCF<br><br>**ORDER DENYING MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 216),[1] filed by Defendants Craig Shandler and Brett Saevitzon.[2] Plaintiff Shana Lee McCart-Pollak filed a Response, (ECF No. 219),[3] to which Defendants filed a Reply, (ECF No. 221).

Also pending before the Court is Plaintiff's Motion for the District Court Judge to Reverse the Magistrate Judge's Order Staying Discovery, (ECF No. 228).

For the reasons discussed below, Defendants' Motion to Dismiss is **DENIED** and the Motion for the District Court Judge to Reverse the Magistrate Judge's Order Staying Discovery is **DENIED as moot**.[4]

///

///

---

[1] Defendants filed a Notice of Errata to correct an error in which Defendants stated they move to dismiss the Third Amended Complaint instead of the Fifth Amended Complaint. (Not. Errata 2:1–8, ECF No. 217).

[2] Defendants Craig Shandler and Brett Saevitzon are the only remaining Defendants in this case.

[3] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding her to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] The Magistrate Judge stayed discovery in this case "pending resolution of [Defendants'] motion to dismiss." (Order Denying Mot. Lift Stay Disc. 2:19–20, ECF No. 227). Plaintiff then filed her Motion, which the Court construes as an objection, requesting the Court reverse the Magistrate Judge's order and lift the stay of discovery. (*See generally* Mot. Dist. Ct. J. Reverse, ECF No. 228). Because the Court denies Defendants' Motion to Dismiss, Plaintiff's objection is moot.

## I. BACKGROUND

This case stems from an earlier case in this District, 2:15-cv-01576-MMD-EJY (the "Trademark Suit"). (Fifth Am. Compl. 1:20–21, ECF No. 213).  In that case, On Demand Direct Response, LLC, and On Demand Direct Response III, LLC (the "On Demand parties"),[5] sued Plaintiff to prevent her from "engaging in an Internet and social media campaign targeting their product—the CloudPets stuffed animal—and its related mark." (Order Denying Mot. Dismiss 2:1–6, ECF No. 191 in Trademark Suit, No. 2:15-cv-01576-MMD-EJY).  Plaintiff asserted counterclaims and third-party claims, alleging that "several parties stole her idea for Bluetooth Low Energy-enabled stuffed animals that would allow family members to exchange messages with children." (Order Granting Mot. Summ. J. 1:15–17, ECF No. 406 in Trademark Suit, No. 2:15-cv-01576-MMD-EJY).

The Trademark Suit court entered default judgment in favor of Plaintiff on her counterclaims against the On Demand parties on June 20, 2018. (Order Entering Default J. 2:16–19, ECF No. 362 in Trademark Suit, No. 2:15-cv-01576-MMD-EJY).  The default judgment was later amended on August 29, 2019, to reflect the damages Plaintiff was entitled to under her default judgment. (Am. Default J., ECF No. 466 in Trademark Suit, No. 2:15-cv-01576-MMD-EJY).

Plaintiff initiated this lawsuit on August 28, 2020, alleging malicious prosecution and abuse of process relating to the Trademark Suit. (Compl., ECF No. 1).  Her complaint has gone through many iterations.  Her Original Complaint included two causes of action: (1) Malicious Prosecution and (2) Abuse of Process. (*Id.*).  In her First Amended Complaint, she added a third claim for Intentional Infliction of Emotional Distress ("IIED"). (First Am. Compl., ECF No. 6). Her Second Amended Complaint was stricken because it materially differed from the proposed

---

[5] The On Demand parties were originally named as defendants in this action but have since been terminated. (Clerk's Entry of Default, ECF No. 22).

amended complaint she attached to her motion for leave to amend. (Min. Proceedings, ECF No. 116).  After receiving leave to amend again, Plaintiff filed a Third Amended Complaint, which replaced her IIED claim with a Negligent Infliction of Emotional Distress ("NIED") claim. (Third Am. Compl., ECF No. 137).[6]  Plaintiff then filed an improper Fourth Amended Complaint, which was stricken by the Court. (MJ Order, ECF No. 175); (*see also* Order Adopting MJ's Ruling, ECF No. 183).  After that, the Magistrate Judge granted Plaintiff leave to file a Fifth Amended Complaint. (Min. Proceedings, ECF No. 212).

The Fifth Amended Complaint alleges three causes of action: (1) Alter Ego/Piercing the Veil; (2) Abuse of Process; and (3) IIED.  That is, the Fifth Amended Complaint dropped one cause of action, added a new one, and revived an IIED claim that had been dropped from the previous most recent version of the complaint.  Defendants now move to dismiss all three claims.

II.         **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[6] The Court denied Defendants' untimely Motion to Dismiss the Third Amended Complaint. (Order, ECF No. 163).

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

### III. DISCUSSION

Defendants move to dismiss all three claims in Plaintiff's Fifth Amended Complaint: (1) Alter Ego/Piercing the Veil, (2) Abuse of Process, and (3) IIED. The Court discusses each claim in turn.

#### A. Alter Ego/Piercing the Veil

Defendants argue that Plaintiff's claim for Alter Ego/Piercing the Veil is time barred. (Mot. Dismiss 9:13–10:27). The parties dispute which statute of limitations applies. Defendants argue that this claim is subject to a four-year statute of limitations pursuant to NRS 11.220, which governs causes of action without a statute of limitations. (*Id.* 9:21–10:1). Plaintiff responds that the claim is subject to a six-year statute of limitations pursuant to

///

///

NRS 11.190, which governs periods of limitation for causes of action not relevant here.[7] (Resp. 5:3–28, ECF No. 219). Defendants are correct that the NRS does not contain a specific statute of limitations for alter ego claims. And so, as a preliminary matter, the Court agrees with Defendants that a four-year statute of limitations applies.

But Defendants do not demonstrate that Plaintiff's Alter Ego/Piercing the Veil claim is time-barred under a four-year statute of limitations. Defendants rely on an allegation in Plaintiff's Third Amended Complaint to argue that Plaintiff "had knowledge of the involvement of Defendants with the Judgment Debtor [in the Trademark Suit] prior to entry of Judgment in that matter on June 20, 2018." (Mot. Dismiss 9:26–10:1). Because Plaintiff did not make her Alter Ego claim until October 20, 2022, more than four years after the entry of Judgment, Defendants argue the claim is time barred.[8] Although factual assertions in pleadings are generally considered "judicial admissions conclusively binding on the party who made them," this rule does not apply to *amended* pleadings. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). That is, the Court cannot consider Plaintiff's allegation in the Third Amendment Complaint for purposes of this Motion to Dismiss the Fifth Amended Complaint.

Nor does this Court's prior Order adopting the Magistrate Judge's ruling demonstrate that Plaintiff's Alter Ego claim is time barred. Defendants argue that the Court's analysis in its prior Order affirming the Magistrate Judge's denial of leave to amend applies here. (Mot. Dismiss 10:15–27). In the Court's prior Order, the Court stated, "Plaintiff has presented no explanation for her failure to allege her alter ego claim in the previous iterations of her

---

[7] Plaintiff appears to confuse her Alter Ego claim with an action to enforce her judgment from the Trademark Suit.
[8] The parties dispute whether the relevant date for statute of limitations purposes is the date of the original default judgment, entered on June 20, 2018, or the amended default judgment, entered on August 29, 2019. (Resp. 5:20–28). Because Defendants have not demonstrated that Plaintiff's Alter Ego claim is time barred under either date, this dispute is not relevant to the Court's disposition.

complaint, which further weighs against granting her leave to amend." (Order Adopting MJ Ruling 5:20–22, ECF No. 183).  Plaintiff, however, has since received leave to file the Fifth Amended Complaint. (Min. Proceedings, ECF No. 212).  The Court's prior ruling on unrelated motions to amend is irrelevant to whether a claim in the operative complaint is time-barred.

The Court DENIES Defendants' Motion to Dismiss the Alter Ego claim.  If Defendants later obtain evidence that Plaintiff's claim accrued more than four years before she filed the Fifth Amended Complaint, they may renew their statute of limitations argument in a motion for summary judgment.

### B. Abuse of Process

To prevail on an abuse of process claim, a plaintiff must demonstrate "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (quoting *Posadas v. City of Reno*, 851 P.2d 438, 445 (Nev. 1993)).  Defendants argue that Plaintiff has made judicial admissions negating the first element of an Abuse of Process claim.

Defendants point to statements made in Plaintiff's Original Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint. (Mot. Dismiss 11:27–12:4).  Notably, Defendants do not point to any statements made in the operative Fifth Amended Complaint.  Indeed, Defendants acknowledge that the allegation in question was made in each of her "*prior* versions of the Complaint." (Reply 5:18–23, ECF No. 221) (emphasis added).  As stated above, allegations made in pleadings that have since been amended cannot be considered judicial admissions. *Am. Title Ins. Co.*, 861 F.2d at 226.  For that reason, the Court will not consider Plaintiff's allegations in prior iterations of her complaint.  And because Defendants do not present any other argument for dismissing Plaintiff's Abuse of Process claim, the Court DENIES the Motion as to this claim.

### C.   Intentional Infliction of Emotional Distress ("IIED")

The elements of an IIED claim are "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981).  Defendants argue that Plaintiff's IIED claim should be dismissed because (1) Plaintiff waived her IIED claim when she dropped it from her Second Amended Complaint; (2) the statute of limitations bars her IIED claim; and (3) Plaintiff failed to allege extreme and outrageous conduct. (Mot. Dismiss 12:9–13:7).

Defendants' waiver argument relies on an inaccurate and incomplete representation of the law.  Defendants cite *Marx v. Loral Corp.* for the proposition that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." (Reply 6:9–11 (citing *Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir. 1996), *overruled by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012))).  *Marx*, however, was expressly overruled by *Lacey v. Maricopa County*, which held that plaintiffs do not need to replead claims dismissed with prejudice in a subsequent amended complaint to preserve them for appeal. *Lacey*, 693 F.3d at 928.

The *Lacey* court nonetheless specified that any claims voluntarily dismissed will be considered waived if not repled. *Id.*  But even if Defendants relied on *Lacey* instead of *Marx*, their waiver argument would still fail because neither *Lacey* nor *Marx* has any bearing on whether Plaintiff's IIED claim should be dismissed.  *Lacey* and *Marx* both concerned whether the plaintiffs had preserved an issue for appeal.  At least as of 2010, the Ninth Circuit has not held "that a plaintiff who omits previously dismissed claims from an amended complaint waives his right to reallege these claims in further amendments at the district court level." *New York City Employees' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1025 (9th Cir. 2010), *overruled on other grounds by Lacey*, 693 F.3d 896.  Defendants have not cited any cases suggesting that the

Ninth Circuit has held so in more recent years, nor is the Court aware of any such cases. Thus, Plaintiff has not waived her IIED claim even though she dropped it in an earlier version of her complaint.

The Court next turns to Defendants' statute of limitations argument. Personal injury claims, including IIED claims, are subject to a two-year statute of limitations. NRS 11.190. Defendants seemingly contend that Plaintiff's IIED claim is time barred because Plaintiff filed this claim three years after initially filing a claim for IIED. (Mot. Dismiss 12:21–27). That is, Defendants' statute of limitations argument relies on the time elapsed between the Original Complaint and the Fifth Amended Complaint. But an "amendment to a pleading relates back to the date of the original pleading when[] . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff argues that, even though Plaintiff did not raise an IIED claim in her Original Complaint, she did allege that Defendants' "malicious prosecution and [] abuse of processes inflicted mental anguish on her and her family resulting in years of counseling." (Resp. 20:13–15 (citing Original Compl. ¶ 108)). That is, her IIED claim arises out of the same conduct, transaction, or occurrence she attempted to set out in her Original Complaint. Because Plaintiff's IIED claim likely relates back to the date of the Original Complaint, it is not time barred.[9]

Lastly, Defendants argue that Plaintiff failed to state a claim for IIED. Defendants provide a conclusory, two-sentence analysis: "Here, the gravamen of Plaintiff's complaint is that she suffered emotional distress because she was sued. That cannot form the basis for a claim for [IIED] and the claim fails as a matter of law." (Mot. Dismiss 13:4–7). Defendants offer no case law or explanation, and the Court can deny their Motion on this basis alone. *See*

///

---

[9] Defendants do not address Plaintiff's compelling relation-back argument in their Reply.

D. Nev. L.R. 7-2 (noting that the "failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion").

Moreover, Plaintiff's claim is not based solely on the fact that she was sued. The Fifth Amended Complaint alleges that Defendants took and profited off Plaintiff's intellectual property, initiated a lawsuit against her with the ulterior purpose to intimidate, bully, harass, and silence her, and disparaged her intellectual property, among other allegations. (Fifth Am. Compl. ¶ 184). The Court need not decide whether Plaintiff stated a claim for IIED considering all these allegations because it is not the Court's role to create and develop arguments for the parties. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("[Courts] will not manufacture arguments for a[ ] [party] . . . ."); *Blankenship v. Cox*, No. 3:05-CV-00357-RAM, 2007 WL 844891 at 12 (D. Nev. Mar. 19, 2007) ("It is not the court's duty to do Defendants' legal research."). The Court DENIES Defendants' Motion to Dismiss Plaintiff's IIED claim.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 216), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the District Court Judge to Reverse the Magistrate Judge's Order Staying Discovery is **DENIED as moot.**

**DATED** this __6__ day of December, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT