# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANA LEE MCCART-POLLAK, | 2:20-cv-01624-GNM-MDC |
| Plaintiff, | |
| vs. | **Order** |
| ON DEMAND DIRECT RESPONSE, LLC et al. | |
| Defendants. | |

The Court has reviewed plaintiff's *Motion to Compel Defendants Brett Saevitzon and Craig Shandler* at ECF No. 236 ("Motion"). The Court denies the Motion without prejudice. At the offset, the Court is concerned about the parties' conduct, lack of cooperation, failure to comply with Local Rules, and failure to meaningfully meet and confer. The Court warns the parties that it will consider sanctions under LR IA 1-3(f)(3); LR IA 11-8; and/or NRCP 37(a)(5).

1. Plaintiff's Motion does not set forth the full text of each of the discovery request at issue and the response to each request as required by LR 26-6(b). Each discovery request and response must be clearly identified and completely set forth, without abbreviating or condensing. Plaintiff only provides selected "examples" of some discovery request and some responses and objections. *See* ECF 236 at pp. 12-16. It is not the responsibility of the Court to sift through the parties' discovery to root for issues and disputes. *See Agarwal v. Or. Mut. Ins. Co*., No. 2:11-cv-01384-LDG-CWH, 2013 U.S. Dist. LEXIS 7717, at *9 (D. Nev. Jan. 18, 2013)("Essentially, Plaintiffs have just dumped all of the prior discovery into this motion with the expectation that the Court sift and root for issues. With all due respect, judges are not like pigs, hunting for truffles buried in briefs and it is not the responsibility of the judiciary to sift through scattered papers…..")(internal citations omitted)(*quoting Greenly v. Sara Lee Corp.,* 2008 U.S. Dist.

LEXIS 35472, 2008 WL 1925230 (E.D. Cal.). Plaintiff also seems to interject some of her correspondence while discussing her selected discovery requests and response "examples," which cause further ambiguity.

2. Plaintiff also includes in her Motion her disputes with defendants regarding their answers and affirmative defenses to her Fifth Amended Complaint. Such disputes are not discovery disputes and not proper subject for a motion to compel discovery.

3. Defendants' opposition (ECF No. 237) to the Motion does not comply with LR 7-2(a). It is bereft of authorities, exhibits, or specific citations to the record. *See* LR 7-2(d)("The failure of an opposing party to file points and authorities in response to any motion…. constitutes a consent to the granting of the motion."). Instead, defendants simply incorporate all their objections, in general, to the various discovery requests. Like plaintiff, defendants also improperly expect the Court to sift through their discovery objections and responses to root for issues and disputes. That is not "judicial economy." The Court is not, and will not, sift and root through unidentified, scattered papers. *See Agarwal*, 2013 U.S. Dist. LEXIS 7717, at *9.

5. Defendants also fail to attach an affidavit or declaration of counsel regarding their good faith efforts to resolve the discovery disputes. Plaintiff's Motion indicates that plaintiff re-served her first set of discovery, as agreed to by the parties, together with a new, second set of discovery, to which plaintiff did not respond. There is no response declaration or affidavit from defendants' counsel. Instead, defendants' opposition offers the following soundbite: "Defendants would respond. However, Plaintiff has repeatedly served defective, objectionable requests which would have resulted in the same objections being served again." ECF No. 237 at 3:12-14. That is not a proper response, nor does it show a good faith effort to meet and confer.

6. It is unreasonable that the parties are unable to resolve one single discovery request. Both parties have an obligation to meaningfully, substantively, and in good faith, meet and confer to discuss each discovery request. *Las Vegas Skydiving Adventures LLC v. Groupon, Inc*., 2020 U.S. Dist. LEXIS 191754, *4 (2:18-cv-02342-APG-VCF, Decided October 16, 2020).

7. The Court orders both parties to meet and confer. To do so meaningfully, sincerely, and in good faith. And to discuss each discovery request and attempt, again in good faith, to resolve their disputes to each request and only bring back to the Court those specific discovery requests which the parties are unable to agree upon.

8. Again, the Court warns the parties that it will consider sanctions if the parties do not comply with the Local Rules, the Rules of Civil Procedure, their obligations to act in good faith, to meaningfully cooperate regarding discovery, or with the terms of this order.

9. Any motions, responses and replies must comply with the Local Rules.

10. Any motions, responses and replies must: (a) completely state the discovery request and response at issue for each remaining discovery request still disputed after a good faith meet and confer effort; and (b) categorize the remaining disputed discovery by subject matter or topic.

11. Any motions, responses and replies must be supported by a memorandum of points and authorities, with specific citations to the record/evidence.

12. Any motions and responses must include an affidavit or declaration by defendants' counsel and plaintiff setting forth, in detail, all meet and confer efforts, including all proposed resolutions and why such resolution/s were not accepted.

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion (ECF No. 236) is DENIED without prejudice.

Dated: March 11, 2024

_____
Maximiliano D. Couvillier III
United States Magistrate Judge