UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Shana Lee McCart-Pollak,

                Plaintiff(s),

vs.

On Demand Direct Response LLC, et al.,

                Defendant(s).

Case No. 2:20-cv-01624-GMN-MDC

**ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL**

Pending before the Court are plaintiff's *Motion to Compel Defendant Brett Saevitzon to Produce Second Set of Discovery* (ECF No. 241)("241 Motion") and *Motion to Compel Defendant Brett Saevitzon to Respond to Request for Admissions* (ECF No. 243)("243 Motion"). Plaintiff's 241 Motion seeks to compel defendant Saevitzon to respond to plaintiff's [i] Second Set of Document Request; and [ii] Second Set of Interrogatories. Plaintiff's 243 Motion seeks to compel defendant Saevitzon to respond to plaintiff's Request for Admissions dated January 25, 2024. Plaintiff's Motions are supported by a declaration from plaintiff, which establish good faith efforts to meet and confer with counsel for defendant Saevitzon. Defendant Saevitzon's Oppositions (ECF Nos. 244 and 246[1]) are identical, one-page oppositions. They both consist of the same conclusory arguments and are bereft of legal authorities. Ultimately, defendant Saevitzon's Opposition consists of a singular, self-serving, pronouncement that plaintiff "has been either unwilling or unable to accept the fact that her requests

---

[1] Defendant Saevitzon's Opposition at ECF No. 246 was untimely. Based on the Declaration of attorney Mazyar H. Mazarei at ECF No. 247 regarding the circumstances for the untimely filing, the Court finds good cause to accept and consider defendant's Opposition at ECF No. 246.

were and are improper and objectionable." ECF No. 244 at p.1; ECF No. 246 at 2:14-16.  Such argument is unreasonable.

Moreover, defendant Saevitzon's Oppositions do not comply with the Court's 3/11/2024 Order (ECF No. 239), which required counsel to meaningfully meet and confer and that any opposition must, include an affidavit or declaration by defendant's counsel setting forth, in detail, all meet and confer efforts, including all proposed resolutions and why such resolution/s were not accepted.  *Id.*  Defendant Saevitzon's Oppositions do not include any declaration or affidavit of counsel or any efforts to meet and confer with plaintiff.

The Court is aware of the motion to withdraw by counsel for defendant Saevitzon.  The Court is not unsympathetic to counsel's predicament.  That said, this matter has been pending for four years and the record demonstrates that defendant Saevitzon has refused and delayed plaintiff's discovery for over three years.  *See e.g.,* ECF No. 241.  The Court is also concerned about the timing of the motion to withdraw being filed after the Court's 3/11/2024 Order (ECF No. 23) that directs defendant Saevitzon to cooperate with plaintiff and cautions his continued refusal to produce discovery.  The Court is also concerned about the lack of details concerning the motion to withdraw, which are addressed in a separate order.

For the foregoing reasons, and good cause appearing,

**IT IS ORDERED** that plaintiff's Motion (ECF No. 241) is **GRANTED**.  Defendants shall fully respond, without objections, to plaintiff's Second Set of Document Requests and Second Set of Interrogatories as follows:

A.  Defendant Saevitzon shall fully respond, without objections, to plaintiff's **Second Set of Document Request** by no later than **May 20, 2024.**  Plaintiff's Second Set of Document Requests are as follows:

2

REQUEST NO. 17:  All entity formation documents including, articles of organization, articles of incorporation, bylaws, operating agreements and amendments, statements of information, shareholder ledgers, stock certificates, members units, all filings with the state in which the entities were incorporated, etc. for ODDR, ODDRII, ODDRIII, ODDRIV, ODDRV, ODG.

REQUEST NO. 18:  All state tax returns filed on behalf of the corporate entities ODDR, ODDRII, ODDRIII, ODDRIV, ODDRV, and ODG, and all K1's for the individual members.

REQUEST NO. 19: All canceled checks for the corporate entities ODDR, ODDRI, ODDRIII, ODDRIV, ODDRV, and ODG.

REQUEST NO. 20: All documents and things received from Mark Meyers related to ODDR, ODDRII, ODDRIII, ODDRIV, and ODG.

REQUEST NO. 21:  All documents and things related to the CloudPets product.

REQUEST NO. 22:  All documents and things regarding communications with Plaintiff in any litigation.

B. Defendant Saevitzon shall fully respond, without objections, to plaintiff's **Second Set of Interrogatories** by no later than **May 20, 2024.**  Plaintiff's Second Set of Interrogatories are as follows:

INTERROGATORY NO. 11:  Please state in detail any settlement communications you had with Plaintiff on ODDR's and ODDRIII's behalf in any litigation.

INTERROGATORY NO. 12:  Name all current and former owner(s) of ODDR and ODDRIII.

INTERROGATORY NO. 13:  Name(s) of the banking institution(s) and specific bank account(s) for ODDR and ODDRIII.

INTERROGATORY NO. 14:  Name(s) of the certified public accountant for ODDR and ODDRIII.

**IT IS FURTHER ORDERED** that plaintiff's Motion (ECF No. 243) is GRANTED.  Defendant Saevitzon shall fully respond to plaintiff's Request for Admissions dated January 25, 2024, by no later than **May 20, 2024.**

Failure to comply with this Order may result in sanctions, which may ultimately include dispositive sanctions such as, without limitation, striking defendant Saevitzon's answer and entering default judgment against him.

//

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

**It is so ordered.**

Dated this 22nd day of April 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge