# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Shana Lee McCart-Pollak, | Case No. 2:20-cv-01624-GMN-MDC |
| Plaintiff(s), | **Order Denying Motion to Withdraw Without Prejudice** |
| vs. | |
| On Demand Direct Response LLC, et al., | |
| Defendant(s). | |

Pending before the Court is the *Motion To Withdraw* by counsel for defendant Brett Saevitzon (ECF No. 240)("Motion"). Counsel for defendant Saevitzon seeks to withdraw on the grounds that there has been a breakdown in the attorney-client, including a "complete inability to communicate with Saevitzon through any means." ECF No. 240.

LR IA 11-6(e) provides that "[e]xcept for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." *Id.* The Court finds that withdraw will result in delay of discovery and of the matter in general. Counsel argues that plaintiff will not suffer prejudice or delay because, among other things, "no discovery has been completed." ECF No. 240 at 3:25-27. The record shows that, among other things, defendant Saevitzon's delays, unreasonable objections, failure to meaningfully meet and confer and unwillingness to resolve even some discovery requests, are reasons why discovery has not been completed. To be sure, the Court is concurrently granting plaintiff's motion to compel discovery (ECF No. 241), which she propounded on defendant Saevitzon back in 2021.

Moreover, the Motion does not specify the efforts made to communicate with the defendant Saevitzon such as the means of communication (*i.e.*, email, text, telephone, other) and number of

occurrences, together with dates and times.  This does not require the disclosure of any attorney-client privileged communications, but counsel should provide the Court with a more meaningful and complete effort to show good cause and make a record supporting withdrawal.  The Court is not unsympathetic to counsel's predicament.  That said, this matter has been pending for four years and the actions or inactions by defendant Saevitzon have contributed to such delays.  More importantly, the Motion (ECF No. 240) comes on the heels of defendant Saevitzon's refusal to produce discovery and plaintiff's subsequent and concurrently pending motions to compel.  These factors also negate good cause to support withdrawal at this time.  For the foregoing,

**IT IS ORDERED** that the Motion (ECF No. 240) by defendant Saevitzon's counsel is **DENIED WITHOUT PREJUDICE, with leave to refile**.  If counsel elects to file a new motion to withdraw, counsel should address the Court's concerns raised in this Order.

**IT IS FURTHER ORDERED** that counsel for defendant Saevitzon shall serve copies of the Court's Order (ECF No. 248) upon defendant Saevitzon through all available means.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file

written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

**It is so ordered.**

Dated this 22nd day of April 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge