UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shana Lee McCart-Pollak,<br><br>　　　　　　　　　Plaintiff(s),<br>vs.<br>On Demand Direct Response LLC, et al.,<br>　　　　　　　　　Defendant(s). | Case No. 2:20-cv-01624-GMN-MDC<br><br>**ORDER DENYING THE MOTION TO WITHDRAW WITHOUT PREJUDICE, WITH LEAVE TO REFILE (ECF NO. 250); DENYING PLAINTIFF'S MOTION TO COMPEL, HER MOTION TO STRIKE, AND THE PARTIES' STIPULATION (ECF NOS. 253, 254, AND 263); AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES (ECF NO. 259)** |

　　　　Pending before the Court are (1) Attorneys David K. Dorenfeld and G. Mark Albright's *Second Motion to Withdraw;* (2) plaintiff's *Motion to Compel;* (3) the parties' *Stipulation Regarding Discovery;* (4) plaintiff's *Motion for Leave to File Excess Pages*; *and* (5) plaintiff's *Motion to Strike.* ECF Nos. 250, 253, 254, 259, and 263. The Court DENIES the Motion to Withdraw without prejudice. ECF No. 250. The Court DENIES plaintiff's Motion to Compel, her Motion to Strike, and the parties' stipulation. ECF Nos. 253, 254, and 263. The Court GRANTS plaintiff's Motion for Leave to File Excess Pages. ECF No. 259.

**I.　　Brief Background**

　　　　This case is nearly four years old: it is also a sequel in a saga of litigation—between many of the same parties—that started nine years ago. See Complaint at ECF No. 1. The Court previously denied defense counsel's motion to withdraw on behalf of Brett Saevitzon without prejudice and with leave to refile because (1) the motion came on the heels of an order compelling discovery from Saevitzon and (2)

counsel had not shown that they had served a copy of their motion through all available means on Saevitzon. ECF No. 249.

## II. Motion to Withdraw (ECF No. 250)

"[A]n attorney cannot withdraw from a case without consent of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). "Courts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021). When an attorney seeks leave from the court to withdraw from a case "in the absence of the client's consent," the attorney must show that "justifiable cause" exists to do so. *Id.*; see also *McGhee v. Chavez*, 2023 U.S. Dist. LEXIS 55340, 2023 WL 2708765, at *1 (D. Ariz. Mar. 30, 2023). The Court considers four factors when ruling on a motion to withdraw: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech.*, LLC, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

Defense counsel argue in their Second Motion to Withdraw on behalf of Saevitzon that they have "attempted" to communicate with him through WhatsApp from February 13, 2023 through March 20, 2024. ECF No. 250 at 5-6. Defense counsel states that, "Saevitzon has failed to *substantively respond* to any communications from me or my office…" or pay his legal fees. *Id.* at 6: 3-4 (emphasis added). Counsel states that they, "cannot obtain discovery responses from nor *can we make any decisions on his behalf."* *Id.* at 6: 5-6 (emphasis added). Counsel represents that Saevitzon lives in South Africa and that they do not have an address for him. *Id.* at 6: 11.   It appears these circumstances no longer exist.

Counsel has recently filed a *Motion for Summary Judgment* (ECF NO. 265) on behalf of Saevitzon.  The Court can only conclude that counsel has communicated with Saevitzon, obtained Saevitzon's consent to file the *Motion for Summary Judgment* and continues to actively represent

Saevitzon.[1]  Counsel also recently executed the pending Stipulation Regarding Discovery (ECF No. 254) on Saevitzon's behalf, agreeing to extend the discovery period in this case.  Therefore, the Court denies the Second Motion to Withdraw (ECF No. 250) as moot.

The Court also denies the Second Motion to Withdraw after weighing the *Leatt Corp.* factors. The first factor weighs only slightly in counsel's favor because they have provided some more details regarding why they seek to withdraw, but they have not informed the court of the changed circumstances that led them to continue to make decisions for defendant Saevitzon. The other three factors weigh against counsel at this time, however, because plaintiff McCart and defendant Saevitzon will be prejudiced. Plaintiff McCart continues to seek discovery from Saevitzon, and without a way to contact Saevitzon in South Africa, plaintiff will be prejudiced. Defendant Saevitzon will also be prejudiced because he may not receive service of future filings of this case given that counsel states they have no way to contact him. Withdrawal will harm the administration of justice because this case will be delayed during the period that plaintiff, as a pro se litigant, endeavors to investigate Saevitzon's whereabouts in South Africa. Counsel's request to withdraw nearly delayed the resolution of this case, given that counsel agreed to extend discovery on Saevitzon's behalf, while simultaneously arguing that they were not able to make decisions for him. On balance, these factors weigh against withdrawal at this time.

Counsel may be able to mitigate some of these factors. If counsel renews their motion, they must first undertake an investigation into Saevitzon's whereabouts in South Africa and properly serve him with their motion to withdraw and a copy of this Order. Counsel should detail what actions they have

---

[1] There is no indication that counsel filed the Motion for Summary Judgment on behalf of Saevitzon to comply with a looming deadline. Counsel filed the Motion for Summary Judgment on Saevitzon's behalf on June 20, 2024, but dispositive motions are not due until September 11, 2024. *See* ECF No. 235.

taken to investigate his location and serve Saevitzon. Counsel shall also inform the Court whether there are changed circumstances regarding (1) why they have continued to make strategic litigation decisions on Saevitzon's behalf (such as by agreeing to extend discovery for Saevitzon and filing a motion for summary judgment long before the dispositive motion deadline) while simultaneously arguing (2) that they cannot make decisions on his behalf.

### III.     Plaintiff's Motion to Compel (ECF No. 253)

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. An attorney's signature on a disclosure document constitutes a certification that to the best of the attorney's knowledge and belief formed after a reasonable inquiry the disclosures are correct and complete as of the date signed. See Fed. R. Civ. P. 26(g)(1)(A) ("[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . with respect to a disclosure, it is complete and correct as of the time it is made."). The production of documents under Fed. R. Civ. P. 34 "does not require verification in the same manner that interrogatory responses do" because documents "produced under Rule 34 are subject only to the general signature requirement in Rule 26(g)." *Kas v. Mercedes-Benz USA, LLC*, 2012 U.S. Dist. LEXIS 17952, 2012 WL 473931, at *3 (C.D. Cal. Feb. 1, 2012). A party has a continuing duty to supplement or correct its disclosure or response upon learning that "in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." See Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff's renewed motion to compel is duplicative of the earlier motion to compel that the Court already ruled on as she seeks responses to the exact same written discovery. *Compare* Plaintiff's Motions to Compel at ECF Nos. 241 and 253. Plaintiff states in the current motion to compel that she attempted to meet and confer with the defendants' counsel: counsel stated that he was available to meet and confer and gave her three available dates. See ECF No. 241 at 8: 22-23. Plaintiff stated that she believed she needed three entire days to meet and confer to go over the discovery and counsel responded that three days was unreasonable. *Id.* at 8-9. Counsel did meet and confer with plaintiff over Zoom for an entire day. *Id.* During the meet-and-confer, counsel stated that he would supplement each response. ECF No. 241. Counsel David Dorenfeld also filed a signed declaration as an Officer of the Court that he supplemented discovery. ECF No. 262.

Plaintiff complains that since counsel would not meet and confer for an entire three-day period that the meet and confer was meaningless. The Court disagrees with the plaintiff. It appears that counsel's response was reasonable given the circumstances, as three days of meeting and conferring on discovery is unreasonable given the circumstances of this case. Also, counsel agreed to supplement each of the responses. Counsel may not have everything she requested, which counsel may verify as an Officer of Court under the Rules. The Court finds that plaintiff did not meet-and-confer in good faith and that her filing is duplicative of her first Motion to Compel. For these reasons, the Court denies her Second Motion to Compel. ECF No. 241.

IV.     **Stipulation to Continue Discovery (ECF No. 254)**

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* The good cause analysis turns on

5

whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano. US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted).

Discovery has been open since January 2024. ECF No. 235. Discovery closes in August 2024. *Id.* The parties state in their stipulation to extend discovery that, "No Discovery has been completed." ECF No. 254 at 2: 16-17. The defendants have not taken any discovery. ECF No. 254. Plaintiff argues that the defendants have not complied with the motion to compel in the stipulation. *Id.* Plaintiff also states that she "plans on pursuing further Request (sic) for Admissions, Request for individuals who may have knowledge of the formations and keeping of ODDR and ODDRlll, for example, certified accountanl(s)(sic)."

The parties have not demonstrated diligence. Plaintiff states that she needs more time for discovery because the defendants did not timely comply with the previous motion to compel, but that is not a reason to extend discovery, because the Court has already ruled on those discovery issues. Plaintiff also states that she is only seeking written discovery regarding accounting, but she does not demonstrate why she cannot complete this limited discovery in the time remaining or why she has not sought the discovery in the period allowed so far. The defendants do not need any discovery, and as noted in the Court's analysis earlier, it appears that counsel did not have defendant Saevitzon's permission to agree to extend discovery on his behalf. The Court cannot find good cause to extend discovery at this time and the inquiry ends. The Court denies the stipulation without prejudice. Any subsequent motion or stipulation must correctly identify and provide a fulsome description of the discovery needed with an explanation why the discovery has not yet been sought. Any motion or stipulation shall fully comply

with all applicable case law and the Local Rules.

V. **Motions for Leave to File Excess Pages and to Strike Declaration (ECF Nos. 259 and 263)**

Plaintiff filed a Motion for Leave to File Excess Pages for her Motion to Compel. ECF No. 259. Since the Court reviewed her additional pages, the Court exercises its discretion and grants the Motion for Leave. ECF No. 259. The plaintiff also seeks to strike counsel's declaration regarding his meet and confer efforts pertaining to discovery, wherein counsel confirms that he supplemented the discovery responses. See ECF Nos. 259 and 263. Since the Court reviewed the declaration, the Court again exercises its discretion and declines to strike the declaration. The Court denies plaintiff's Motion to Strike. ECF No. 263.

**IT IS ORDERED** that:

1. Attorneys David K. Dorenfeld and G. Mark Albright's *Second Motion to Withdraw* (ECF No. 250) is DENIED without prejudice.

2. Plaintiff's *Motion to Compel* (ECF No. 253) is DENIED.

3. The parties' *Stipulation Regarding Discovery* (ECF No. 254) is DENIED.

4. Plaintiff's *Motion for Leave to File Excess Pages* (ECF No. 259) is GRANTED.

5. Plaintiff's Motion to Strike (ECF No. 263) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

**It is so ordered.**

Dated this 1st day of July 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge