UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shana Lee McCart-Pollak,<br>　　　　　　Plaintiff,<br>vs.<br>Brett Saevitzon, et al.,<br>　　　　　　Defendant. | 2:20-cv-01624-GMN-MDC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL (ECF NOS. 280 AND 281)** |

Pro se plaintiff Shana Lee McCart-Pollak filed two Motions to Compel ("First Motion to Compel" and "Second Motion to Compel"). ECF Nos. 280 and 281. The Court DENIES the First Motion to Compel as moot. The Court DENIES the second Motion to Compel for not complying with the Local Rules and for being untimely.

**I. DISCUSSION**

　**A. Legal Standard**

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. Local Rule 7-3(b) states that, "motions, responses to motions, and pretrial and post-trial briefs are limited to 24 pages, excluding exhibits. All other replies are limited to 12 pages, excluding exhibits." LR IA 10-3 pertains to exhibits, and states that:

　　(d) An index of exhibits must be provided;

　　…

　　(i) No more than 100 pages of exhibits may be attached to documents filed or submitted to the court in paper form. Except as otherwise ordered by the assigned

1

judge, exhibits in excess of 100 pages must be submitted in a separately bound appendix.

See LR 10-3(d) and (i).

While pro se litigants act without attorneys, they nevertheless remain obligated to follow the same rules as represented parties. See *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Self-representation is not an excuse for non-compliance with the court's rules and orders. See *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted). Failure to comply with any procedural requirements, including any Court order, may result in the imposition of sanctions up to and including dismissal of the action. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

### B. Analysis

Pro se plaintiff Shana Lee McCart-Pollak argues in her First Motion to Compel that that the defendants should not have served their discovery responses via email as she expected discovery responses in the mail. ECF No. 280. The defendants argue in their response that they also served her via mail and that her motion is moot. ECF No. 283. Plaintiff argues in the reply that the defendants should have served her via mail earlier and that the defendants should be sanctioned. ECF No. 285. The Court finds that the defendants mailed plaintiff the documents per her request which moots plaintiff's request. The parties are reminded of their Rule 1 obligations to work together to resolve discovery disputes.

Plaintiff's second Motion to Compel is one hundred and fifty-two pages long, which includes about forty pages of argument and one hundred and twelve pages of exhibits filed in a single document. ECF No. 281. In plaintiff's overlength brief she argues that a voluminous number of written discovery

requests from over four months ago are at issue. *Id.* Plaintiff signed her Second Motion to Compel on May 24, 2024, but she did not file it until August 12, 2024. *Id.* at 37. Defendants argue in their response that they served multiple rounds of substantive responses to plaintiff's requests. ECF No. 284. Plaintiff argues in her twenty-four-page overlength reply that the defendants' production is insufficient. ECF No. 286.

The plaintiff has not complied with the Local Rules, as her Second Motion to Compel and her reply are overlength, in violation of the Local Rules. Plaintiff also uploaded over one hundred exhibits in the same filing instead of following the procedure set out for filing exhibits in the Local Rules. The briefing also reveals that the plaintiff is not complying with Rule 1, which emphasizes that the parties must endeavor to work together to resolve their issues. The Court also denies the Second Motion to Compel for being untimely given that the discovery was four months old, and she waited nearly two months to file the Motion. The plaintiff has litigated in this Court, in both this case and in her related case, for nearly a decade. See ECF No. 1. While plaintiff is a pro se litigant, she is expected to comply with the Federal Rules and this Court's Local Rules, and she has been given many opportunities to do so. The Court denies plaintiff's Second Motion to Compel.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff Shana Lee McCart-Pollak's first *Motion to Compel* (ECF No. 280) is DENIED AS MOOT.

2. Plaintiff's second *Motion to Compel* (ECF No. 281) is DENIED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

**It is so ordered.**

Date: September 24, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge