UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANA LEE MCCART-POLLAK,<br><br>             Plaintiff,<br>vs.<br>BRETT SAEVITZON, *et al.*,<br><br>             Defendants. | Case No.: 2:20-cv-01624-GMN-MDC<br><br>**ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE ORDERS** |

Pending before the Court is the Objection to Magistrate Judge Maximiliano D. Couvillier, III's Order Granting Plaintiff's Motion to Compel, (ECF No. 252), filed by Defendant Brett Saevitzon.  Plaintiff filed a Response, (ECF No. 255).  Also pending before the Court is the Objection to Magistrate Judge Couvillier's Order Denying Plaintiff's Motion to Compel, Joint Stipulation to Extend Discovery, and Motion to Strike, (ECF No. 275).  Defendant did not file a Response.  Further pending before the Court is the Objection to Magistrate Judge Couvillier's Order Denying Plaintiff's Motion to Compel, (ECF No. 288), filed by Plaintiff.  Defendant did not file a Response.  Because the Court finds that Magistrate Judge Couvillier's Orders were not clearly erroneous nor contrary to law, Defendant and Plaintiff's Objections are each DENIED.

I.      <u>**BACKGROUND**</u>

This case stems from an earlier case in this district, 2:15-cv-01576-MMD-EJY (the "Trademark Suit"). (Fifth Am. Compl. ("FAC") 1:20–21, ECF No. 213).  The Court incorporates by reference the facts stated in its Order Denying Defendant's Motion to Dismiss. (*See generally* Order Den. Mot. Dismiss, ECF No. 230).  The relevant facts to this Order are as follows.

On April 22, 2024, Magistrate Judge Couvillier granted Plaintiff's Motions to Compel Defendant Saevitzon to provide responses to the Requests for Admissions (Set One), Interrogatories (Set Two), and Request for Production of Documents (Set Two). (*See generally* Order Granting Mot. Compel, ECF No. 248). Defendant Saevitzon timely filed his Objection to the Order.

On July 1, 2024, Magistrate Judge Couvillier issued an Order that, among other things, denied the Parties Stipulation Regarding Discovery, Plaintiff's Motion to Strike, and Plaintiff's Motion to Compel. (*See generally* Order Den. Mot. Withdraw, etc., ECF No. 270). Plaintiff timely filed an Objection to the Order only regarding the above listed dispositions.

On September 24, 2024, the Magistrate Judge denied another set of Plaintiff's Motions to Compel. (*See generally* Order Den. Mots. Compel, ECF No. 287). Plaintiff timely filed an Objection to the Order.

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge

"may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

## III. DISCUSSION

There are three Objections to Orders issued by Magistrate Judge Couvillier pending before the Court. First, Defendant filed an Objection to Magistrate Judge Couvillier's Order Granting Plaintiff's Motion to Compel. Second, Plaintiff filed an Objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Compel, Joint Stipulation to Extend Discovery, and Motion to Strike. And third, Plaintiff filed an Objection to Magistrate Judge Couvillier's Order Denying Plaintiff's Motion to Compel. The Court will first address Defendant Saevitzon's Objection before turning to Plaintiff's two Objections.

### A. Defendant Saevitzon's Objection to ECF No. 248 Order

Defendant Saevitzon does not identify a single instance of alleged clear error committed by Magistrate Judge Couvillier in his Objection. Instead, he argues that the Magistrate Judge incorrectly applied Federal Rule of Civil Procedure ("FRCP") 26. He contends that Plaintiff's discovery requests at issue violate FRCP 26 because she seeks information, sometimes financial information and corporate records, regarding entities and individuals that may or may not be related to this action. Defendant Saevitzon argues that Plaintiff's discovery requests are overbroad and violate the right to privacy of third parties.

Despite Defendant Saevitzon's arguments to the contrary, the Court finds that Judge Couvillier's order did not infringe upon FRCP 26 or the spirit of its related case law. As evidenced in his Order, Judge Couvillier properly considered both parties' briefing, including Defendant Saevitzon's identical responses that lacked any legal authority,[1] when deciding whether to grant Plaintiff's discovery requests. Thus, having reviewed the Magistrate Judge's

---

[1] Defendant Saevitzon's failure to file points and authorities in his Responses could have been grounds alone to grant Plaintiff's discovery requests. *See* LR 7.2 (noting that the "failure of an opposing party to file points and authorities in response to any motion. . . constitutes a consent to the granting of the motion.").

Order, the Court finds that the Order is not clearly erroneous or contrary to law. Accordingly, Defendant Saevitzon's Objection to Magistrate Judge Couvillier's Order Granting Plaintiff's Motion to Compel is **DENIED**.

### B. Plaintiff's Objection to ECF No. 270 Order

Plaintiff makes four arguments as to why Judge Couvillier made a clear error when denying the Parties Stipulation Regarding Discovery, Plaintiff's Motion to Strike, and Plaintiff's Motion to Compel.

Regarding her Motion to Compel, (ECF No. 253), Plaintiff argues that it was not duplicative of another Motion to Compel that she previously filed. Plaintiff first argues that ECF No. 241 was to compel Defendant Saevtizon to produce certain discovery matter, while ECF No. 253 was to compel Defendant Shandler's production of discovery. Second, she argues that she put forth different arguments in each motion. While the two Motions to Compel are indeed directed to different defendants, the discovery each motion seeks is the same. (*Compare* Pl.'s Mots. Compel, ECF Nos. 241, 253). The Court agrees with the Magistrate Judge that the motions are duplicative of one another in the discovery sought, which as the Magistrate Judge explains, he has already ruled on in a previous Order. Thus, the Magistrate Judge's decision to deny Plaintiff's Motion to Compel, (ECF No. 253), was not clearly erroneous.[2]

Plaintiff next argues that Judge Couvillier committed clear error when he denied the Motion to Strike Counsel David K. Dorenfeld's declaration, (ECF No. 262), because Plaintiff contends that the declaration was untimely. Regardless of whether the declaration was untimely, which the Court need not determine for purposes of this Order, district courts have

---

[2] Plaintiff also argues that Magistrate Judge Couvillier made a clear error when he found that Plaintiff had not met and conferred in good faith as a ground to deny Plaintiff's Motion to Compel. The Court need not address this argument because denying the Motion to Compel on the grounds that it was duplicative was not clearly erroneous and thus is a sufficient basis alone to deny the Motion to Compel.

the "discretion to admit [] late-filed declaration[s], even without an affidavit of counsel showing good cause for separate filing" so long as doing so does not affect a plaintiff's substantial rights. *Randhawa v. Skylux, Inc.*, 629 F. App'x 802, 804 (9th Cir. 2015). Accordingly, Magistrate Judge Couvillier's decision to exercise his discretion to allow for Counsel Dorenfeld's allegedly untimely declaration and deny Plaintiff's Motion to Strike was not clearly erroneous.

Lastly, Plaintiff argues that Magistrate Judge Couvillier committed clear error when denying the parties' Stipulation to Continue Discovery. FRCP 16(b)(4) states that "[a discovery] schedule may be modified only for good cause and with the judge's consent." Magistrate Judge Couvillier explained in the Order why he denied the Stipulation based on the applicable legal standard. The Court finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law.

In conclusion, Plaintiff's Objection to the Order denying the Parties Stipulation Regarding Discovery, Plaintiff's Motion to Strike, and Plaintiff's Motion to Compel is **DENIED**.

**C. Plaintiff's Objection to ECF No. 287 Order**

Plaintiff argues that the Magistrate Judge committed clear error when he denied two of her Motions to Compel, (ECF Nos. 280, 281), which the Court takes up in turn.

As to Plaintiff's Motion to Compel, (ECF No. 280), Magistrate Judge Couvillier denied the Motion to Compel as moot because Defendants demonstrated that they complied with Plaintiff's request to have discovery sent to her via mail as opposed to email only. This Court finds no clear error in Judge Couvillier's decision to deny as moot a request that was indeed complied with.

As to Plaintiff's other Motion to Compel, (ECF No. 281), one of the reasons Judge Couvillier denied the Motion to Compel was because it did not comply with the Local Rules,

specifically LR IC 2-2(A)(3) which sets out the proper form for filing exhibits. "District courts have broad discretion in interpreting and applying their local rules." *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). Thus, the improper filing of exhibits can be grounds sufficient alone to deny a party's motion. Accordingly, Judge Couvillier did not deny the Motion to Compel in clear error or contrary to law when he exercised his discretion to deny a motion based on non-compliance with the applicable Local Rule regarding exhibit filing.[3]

Thus, Plaintiff's Objection to the Order denying Plaintiff's Motions to Compel, is **DENIED**.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Saevitzon's Objection to Magistrate Judge Couvillier's Order Granting Plaintiff's Motion to Compel, (ECF No. 252), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Magistrate Judge Couvillier's Order Denying Plaintiff's Motion to Compel, Joint Stipulation to Extend Discovery, and Motion to Strike, (ECF No. 275), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Magistrate Judge Couvillier's Order Denying Plaintiff's Motions to Compel, (ECF No. 288), is **DENIED**.

**DATED** this 13 day of January, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] Because this basis alone is sufficient to deny a motion, the Court need not address Plaintiff's other arguments in her Objection regarding this Motion to Compel.