# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHANA LEE MCCART-POLLAK,<br>    Plaintiff,<br>v.<br>BRETT SAEVITZON, *et al.*,<br>    Defendants. | Case No. 2:20-cv-01624-GMN-NJK<br>**Order**<br>[Docket Nos. 300, 301, 302, 303] |

Pending before the Court is Plaintiff's motion requesting a "show cause" hearing. Docket No. 300. Defendants filed a response. Docket No. 306. Plaintiff filed a reply. Docket No. 312. Also pending before the Court is Plaintiff's motion for sanctions. Docket No. 301. Defendants filed a response. Docket No. 307. Plaintiff filed a reply. Docket No. 313. Also pending before the Court is Plaintiff's second motion requesting a "show cause" hearing. Docket No. 302. Defendants filed a response. Docket No. 308. Plaintiff filed a reply. Docket No. 314. Finally, pending before the Court is Plaintiff's motion requesting dispositive sanctions. Docket No. 303. Defendants filed a response. Docket No. 309. Plaintiff filed a reply. Docket No. 315. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.  Background**

Plaintiff initiated the present lawsuit on August 28, 2020, alleging malicious prosecution and abuse of process relating to an earlier trademark suit filed in this District. Docket No. 291 at 2. The Court entered the scheduling order on January 25, 2021. Docket No. 39. Discovery closed on August 12, 2024, and the dispositive motion deadline expired on September 11, 2024. Docket No. 235 at 3. On January 14, 2025, United States District Judge Gloria M. Navarro denied Defendants' motion for summary judgment. Docket No. 291. On March 28, 2025, the parties engaged in a settlement conference before United States Magistrate Judge Maximiliano D. Couvillier, III, but did not come to a settlement. Docket No. 298. On April 7, 2025, Plaintiff filed

the instant discovery-related motions for sanctions. *See* Docket Nos. 300, 301, 302, 303. The parties' joint pretrial order is due July 17, 2025. Docket No. 305.

## II. Timeliness

Plaintiff's motions request various relief, such as setting a hearing, case dispositive sanctions such as striking Defendant Saevitzon's[1] and Defendant Shandler's answers, and sanctions against Defendants' counsel. *See* Docket Nos. 300 at 24, 301 at 24, 302 at 5, 303 at 24.

Unduly delaying in bringing a motion for discovery sanctions renders such request untimely. *See Brown v. Hawaii*, 2009 WL 3365850, at *2-3 (D. Haw. Oct. 19, 2009); *see also MGA Ent., Inc. v. Nat'l Prods. Ltd.*, 2012 WL 4052023, at *4 (C.D. Cal. Sept. 14, 2012) (collecting cases). The dispositive motion deadline expired on September 11, 2024. Docket No. 235 at 3. As the name suggests, that deadline applies to all dispositive motions, including motions seeking dispositive discovery sanctions. *E.g., Garcia v. Serv. Emps. Int'l Union*, 2019 WL 8750275, at *1 (D. Nev. May 23, 2019) (citing *Hall v. Schumacher*, 2011 WL 4458845, at *3 (D. Nev. Sept. 23, 2011)). Discovery motions filed after the deadline for dispositive motions are presumptively untimely and such late-filed motions are routinely denied on that basis alone. *See, e.g., id.*; *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, Case No. 2:15-cv-02422-MMD-NJK, 2018 WL 1787905, at *2 (D. Nev. Jan. 31, 2018), *recon. denied*, 2018 WL 1785869 (D. Nev. Apr. 13, 2018); *Exobox Techs. Corp. v. Tsambis*, Case No. 2:14-cv-00501-RFB-VCF, 2017 WL 977859, at *1 (D. Nev. Mar. 10, 2017); *Gray v. Cox*, Case No. 2:14-cv-01094-JAD-PAL, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016); *Randazza v. Cox*, Case No. 2:12-cv-02040-JAD-PAL, 2014 WL 12789627, at *2 (D. Nev. Dec. 30, 2014); *Krause v. Nev. Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-CWH, 2014 WL 428675, *2-4 (D. Nev. Feb. 4, 2014), *objection overruled*, 2014 WL 3592655, at *5 (D. Nev. July 21, 2014); *Agarwal v. Or. Mut. Ins. Co.*, Case No. 2:11-cv-01384-LDG-CWH, 2013 WL 211093, at *5-6 (D. Nev. Jan. 18, 2013). The rationale for this approach is

---

[1] On March 26, 2025, Defendant Saevitzon's counsel, David K. Dorenfeld, filed a notice indicating that he was informed by Defendant Shandler that Defendant Saevitzon passed away. Docket No. 297 at 2. However, no proof of death and no substitution of party have been filed as required by Fed. R. Civ. P. 25(a), and Dorenfeld has filed multiple responses on behalf of Defendant Saevitzon after his alleged death. *See* Docket Nos. 306, 307.

entirely clear: discovery should be completed before moving to the merits stage of litigation and continuing to address the substance of discovery motions filed after the dispositive motion deadline would "disrupt the court's management of its docket and defeat the purpose of the Scheduling Order." *Gray*, 2016 WL 4367236, at *3. Litigants cannot unduly delay filing a discovery motion with impunity. *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 363 (D. Nev. 2019).

The discovery at issue in the motions spans multiple years. *E.g.,* Docket No. 300 at 11 ("In 2021, Dorenfeld served frivolous objections"); Docket No. 301 at 14 ("another blatant misrepresentation…[to] conceal the fact that these documents were destroyed…the concealment…continued in June of 2024"); Docket No. 303 at 3 ("Dorenfeld's unethical behavior and 'bad faith' actions which were inflicted on [Plaintiff] and the Court for the last 4 and half years.") Plaintiff submits that this "egregious discovery abuse" has only "recently come to light" because of Defendants' discovery supplementation on March 20, 2025. Docket No. 301 at 2.

On January 13, 2025, Judge Navarro denied Defendant Saevitzon's objection to Judge Couvillier's order granting Plaintiff's motion to compel. Docket No. 289. Due to the denial of this motion and the denial of Defendants' motion for summary judgment, Docket No. 291, the parties met and conferred on January 30, 2025, and March 6, 2025. Docket No. 300 at 3. This resulted in Defendants supplementing their discovery on March 20, 2025. Docket No. 300-1 at 23-29. However, Plaintiff knew by January 13, 2025, that Defendants had to provide the discovery at issue. Yet, she made the decision to engage in a lengthy meet and confer process, Docket No. 300 at 3, even though she claims that Defendants had a pattern of failing to provide timely discovery. *See* Docket No. 248 at 2 ("this matter has been pending for four years and the record demonstrates that defendant Saevitzon has refused and delayed plaintiff's discovery for over three years."). Instead, Plaintiff waited until almost three months later to file motions that are both difficult to decipher and that do not address her untimely motions for sanctions. *But see, e.g., Gonzalez v. Diamond Resorts Int'l Mrktg., Inc.*, 2020 WL 4925702, at *6 n.12 (D. Nev. Aug. 21, 2020) ("Of course, pointing to a defendant's obstructive behavior only gets a plaintiff so far, as the plaintiff ultimately bears the responsibility for advancing the case"). Regardless of the merit

of Plaintiff's assertions that she only recently received the discovery, Plaintiff had her own obligation to protect her legal interest with appropriate diligence.

Even so, not all of the currently-pending discovery motions relate to the March 20, 2025, discovery. For example, Plaintiff seeks sanctions against Defendants' counsel for actions taken in early 2024. Docket No. 301 at 17. Plaintiff also alleges that sanctions are warranted for Defendants' counsel's alleged refusal to enter a protective order, but the last attempt between the parties to enter into a protective order was on March 17, 2023. *See* Docket Nos. 197, 301 at 18. Plaintiff further alleges that sanctions are warranted for a "document dump" that occurred on April 23, 2024. Docket No. 303 at 17. Plaintiff submits that she did not receive the documents in a searchable format until March 7, 2025. Docket No. 303 at 19. Plaintiff also submits that she made a prior attempt to alert the Court of this issue in a motion to compel and claimed that this voluminous production was insufficient. *See* Docket No. 281 at 12. However, Judge Couvillier denied that motion to compel as it was untimely because the discovery was four months old, and Plaintiff waited nearly two months to file the motion. Docket No. 287 at 3. Plaintiff fails to explain why a motion to compel document production is properly before the Court now, when it has already been deemed untimely.

In short, Plaintiff fails to address the threshold issue that her motions were untimely made.

**III.   Sanctions**

The first step in requesting discovery sanctions is for the movant to establish a violation that triggers a particular provision of Rule 37. Different types of discovery violations trigger different provisions, *see*, *e.g.*, Fed. R. Civ. P. 37(b)(2)(A) (violation of a discovery order); Fed. R. Civ. P. 37(d)(1)(A)(ii) (failure to respond to written discovery); Fed. R. Civ. P. 37(c)(1) (failure to disclose or supplement), so the motion must specify the particular provision of Rule 37 at issue, *but see* Docket Nos. 300 at 10 ("violation of FRCP 37"), 301 at 2 (seeking sanctions under Rule 37 generally), 303 at 2 (seeking sanctions under Rule 37 generally). Particularly when case-dispositive sanctions are being sought, the movant must also provide a sufficient factual basis supported by well-developed argument and by a fulsome evidentiary record so the Court can assess whether the discovery violation alleged did in fact take place. Moreover, in cases with lengthy

4

histories, such as this one, it is important to identify with particularity the newly alleged discovery conduct that is the basis of the current request for sanctions. While the Court may consider previous discovery misconduct in evaluating which sanction to impose, *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993), such information becomes pertinent only after the Court finds a new violation that has not already been addressed.

Once a legal and factual basis has been presented to establish a previously-unaddressed discovery violation of a pertinent rule, the Court will then turn to what (if any) sanction should be imposed. *See, e.g., Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169-70 (9th Cir. 2012) (after noting the lack of any dispute that discovery order was violated, providing standards that govern the selection of an appropriate sanction). The Court may consider earlier discovery misconduct in the case in determining an appropriate sanction for the current violation. *Henry*, 983 F.2d at 947.

Courts generally require meaningfully developed argument specific to each type of sanction being sought. *Playup, Inc. v. Mintas*, 2022 WL 4985098, at *1 (D. Nev. Sept. 2, 2022). The more significant the relief being sought from the Court, the more robust the movant's showing must be. *See Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015). Hence, parties seeking case-dispositive sanctions must "be mindful to submit well-developed and well-supported argument when they are seeking such significant relief from the Court." *Cobb v. United States*, 2022 WL 1308114, at *1 n.1 (D. Nev. May 2, 2022). By way of example, a request to strike an answer is a harsh penalty that is appropriate only upon consideration of several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012).

Here, Plaintiff seeks to strike Defendants' answers. Docket Nos. 300 at 24, 301 at 24, 303 at 24. Plaintiff's motions, however, do not provide any discussion of the applicable standard and do not provide meaningful analysis as to how the law applies to the facts to warrant the relief sought. For example, Plaintiff's motions include copied and pasted block text of Federal Rule of Civil Procedure 37, Nevada Rule of Professional Conduct 3.4, Nevada Rule of Civil Procedure 26,

and the Creed of Professionalism and Civility 14. *See* Docket Nos. 300 at 2-3, 303 at 2-3. However, Plaintiff fails to provide a robust discussion of the law and the application of the law to the facts.

Adding to the difficulty in resolving these sanction disputes on their merits, and in violation of Local Rule IC 2-2 (b), Plaintiff's motions seek multiple forms of relief against multiple individuals. *See* Docket Nos. 300 at 24, 301 at 24, 303 at 24. Plaintiff throws the kitchen sink of discovery issues at the Court, including issues that have already been addressed by the magistrate judge previously assigned to the case. For example, Plaintiff relies on discovery shortcomings that have already resulted in a denied stipulation to modify the scheduling order. *See* Docket No. 3-3 at 7-11; *see also* Docket No. 270.

It is important to be precise because, *inter alia*, different issues are governed by different standards and have different potential repercussions. The Court declines to weigh in on such important issues without a more meaningful analysis presented in a manner such that it is properly before the Court.

### a. Inherent Authority

Plaintiff also submits that sanctions are warranted under the Court's inherent authority. Docket Nos. 300 at 22, 301 at 22, 303 at 22.

A federal court is not "forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The Supreme Court has cautioned, however, that a court must "exercise caution in invoking its inherent power, and … must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id*. "Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Id*. If, "in the informed discretion of the court, neither the statute nor the Rules are up to task, the court may safely rely on its inherent power." *Id*. Given the myriad remedies available by rule for perceived discovery violations, courts are rightly reluctant to resort to their inherent power to address alleged discovery abuses. *See, e.g.,*

*Leverty & Assocs. Law Chtd. v. Exley*, 2018 U.S. Dist. LEXIS 221766, 2018 WL 6728415, at *14 (D. Nev. Nov. 5, 2018); *Yip v. Quality Fin., Inc.*, 2012 U.S. Dist. LEXIS 151492, 2012 WL 5199714, at *3 (D. Nev. Oct. 22, 2012); *see also, e.g., Flynn v. Nev.*, 345 F.R.D. 338, 342 n.3 (D. Nev. 2024) (declining to rely on inherent authority given existing federal rule on the same subject). Indeed, the Ninth Circuit has explained recently that at least some discovery rule provisions are expressly designed to foreclose reliance on inherent authority. *Gregory v. State of Montana*, 118 F.4th 1069, 1079 (9th Cir. 2024) (holding that district court erred as a matter of law by relying on its inherent authority rather than applying Rule 37(e)). The Court is also disinclined to incentivize a strategy of stockpiling perceived discovery violations to lay the groundwork for a sanctions motion, rather than taking prompt action to actually obtain discovery needed for the case to be resolved on its merits. *Cf. Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017).

   Plaintiff's motions are predicated on a catalogue of alleged discovery violations, including failure to make disclosures, serving frivolous objections, destroying documents, and untimely discovery responses. *See e.g.,* Docket No. 300 at 3-21. These perceived violations date back many years, some going back to 2021. Existing provisions of the Federal Rules already cover these grounds and provide for potential relief. *See, e.g.*, Fed. R. Civ. P. 26(g) (requiring certification of discovery responses based on a reasonable inquiry and providing recourse for violations of that requirement); Fed. R. Civ. P. 37(a) (providing procedures for bringing motions to compel). The Court has been given no persuasive explanation as to why the rules are not "up to the task" of addressing such accusations, *Chambers*, 501 U.S. at 50, so the Court declines to invoke its inherent authority. *See Internet Sports Int'l, Ltd. v. AMELCO USA, LLC*, No. 2:23-cv-00893-ART-NJK, 2025 U.S. Dist. LEXIS 7722, at *17 (D. Nev. Jan. 14, 2025).

### b. Show Cause

   Plaintiff also requests the Court to order Defendant Shandler and his counsel to show cause as to why they should not be sanctioned and appear in person for a hearing. Docket No. 302 at 1. Courts are not required to address arguments that are not meaningfully developed. *See, e.g., Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Here, Plaintiff's motion consists of 6 pages of factual allegations and conclusory assertions. *See* Docket No. 302.

Plaintiff's argument boils down to a bald assertion that Defendant and his counsel concealed pertinent facts, which has "irreparably harmed and undermined the judicial system" and severely prejudiced and harmed Plaintiff. Docket No. 302 at 1-3. No meaningfully developed argument is presented in support of that position. Indeed, Plaintiff's motion includes no citation to any legal authority of any kind and fails to provide legal backing for why the Court should order Defendant and his counsel to appear for a hearing.

### IV. Conclusion

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's motions for sanctions and show cause hearings. Docket Nos. 300, 301, 302, 303.

IT IS SO ORDERED.

Dated: June 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge