UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANA LEE MCCART-POLLAK,<br>    Plaintiff,<br>v.<br>BRETT SAEVITZON, et al.,<br>    Defendant. | Case No. 2:20-cv-01624-GMN-NJK<br>**Order**<br>[Docket No. 352] |

Pending before the Court is Plaintiff's motion to extend time to file a motion to substitute.[1] Docket No. 352. Defendants filed a response. Docket No. 353. Plaintiff filed a reply. Docket No. 354. The Court does not require a hearing. *See* Local Rule 78-1.

On March 26, 2025, Defendant Saevitzon's counsel, David K. Dorenfeld, filed a notice indicating that he was informed by Defendant Shandler that Defendant Saevitzon passed away. Docket No. 297 at 2. However, no proof of death and no substitution of party were filed at that time, as required by Rule 25(a). *See* Fed. R. Civ. P. 25(a). On June 12, 2025, Dorenfeld filed a motion to withdraw as attorney for Defendant Saevitzon, in which he detailed his efforts to contact a next of kin or personal representative. Docket No. 316. Dorenfeld identified Defendant Saevitzon's adult daughter and two sisters as individuals he had contacted in attempting to identify a personal representative for Defendant Saevitzon. *See id.* at 4-5. On June 18, 2025, the parties filed a stipulation to extend Plaintiff's time to file a motion to substitute by ninety days, believing that it was "due on or around June 23, 2025." Docket No. 319. United States District Judge Gloria M. Navarro granted the stipulation and ordered that the motion to substitute party must be filed by September 23, 2025. Docket No. 321. On July 16, 2025, Dorenfeld filed a suggestion of death as to Defendant Saevitzon, including a copy of the death certificate. Docket No. 326. The Court

---

[1] The Court liberally construes the filings of pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

granted Dorenfeld's withdrawal as counsel for Defendant Saevitzon on September 8, 2025. Docket No. 348.

Federal Rule of Civil Procedure 6(b)(1) authorizes the Court to grant an extension of time for good cause shown. *See also* Local Rule 26-3. This rule is meant "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)). The good cause standard is "non-rigorous" and "has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259 (collecting cases). Therefore, "requests for extensions of time made before the applicable deadline has passed should 'normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting *Wright & Miller's Federal Practice & Procedure* § 1165 (3d ed. 2004)). Furthermore, the "history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)).

The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (interpreting Rule 16's good cause standard). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (interpreting Rule 16's good cause standard). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

In the instant motion, Plaintiff seeks to extend the time to file a motion to substitute by ninety days. Docket No. 352. Plaintiff submits that an extension of time would allow her to determine the proper executor or successor, perfect service upon that individual, allow the Court to properly substitute the individual to represent Saevitzon's interests, and allow the case to be adjudicated on the merits. *Id.* at 5. Although Plaintiff's showing of good faith is minimal, given

her *pro se* status and the Court's interest in adjudicating this case on its merits, the Court affords Plaintiff an additional 90 days to substitute for Defendant Saevitzon.[2]

Accordingly, Plaintiff's motion to extend time is **GRANTED**. Docket No. 352. Plaintiff must file the motion to substitute party by January 5, 2026.

IT IS SO ORDERED.

Dated: October 7, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[2] In finding that the good faith standard has been met, the Court need not consider Plaintiff's additional arguments.