**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHANA LEE MCCART-POLLAK,

Plaintiff,

vs.

BRETT SAEVITZON, *et al.*,

Defendants.

Case No.: 2:20-cv-01624-GMN-NJK

**ORDER DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is the Motion for Reconsideration, (ECF No. 358), filed by Plaintiff Shana Lee McCart-Pollak. Defendant Craig Shandler filed a Response, (ECF No. 359), to which Plaintiff replied, (ECF No. 361). For the reasons discussed below, the Court DENIES the Motion for Reconsideration.

## I. BACKGROUND

This case stems from a trademark lawsuit filed in this District, 2:15-cv-01576-MMD-EJY (the "Trademark Suit"). (Fifth Am. Compl. ("FAC") 1:20–21, ECF No. 213). In the Trademark Suit, Judge Du entered default judgment in favor of Plaintiff on her counterclaims against the opposing parties. (Order Entering Default J. 2:16–19, ECF No. 362 in Trademark Suit). Plaintiff thereafter initiated the present lawsuit alleging three causes of action against Defendants Craig Shandler and Brett Saevitzon[1]: (1) Alter Ego/Piercing the Veil; (2) Abuse of Process; and (3) Intentional Infliction of Emotional Distress ("IIED"). Defendants moved for summary judgment on all three claims and the Court denied summary judgment. (*See generally* Summ. J. Order, ECF No. 291). After the Court entered its Order denying summary judgment, it *sua sponte* ordered supplemental briefing. (*See* Order Directing Suppl. Br., ECF No. 333).

[1] In July 2025, counsel for Brett Saevitzon filed the Suggestion of Death of Party Defendant Brett Saevitzon, (ECF No. 326), informing the Court that Saevitzon died on March 23, 2025.

The Court ordered the parties to submit a memorandum of no more than 15 pages explaining their respective positions on the following topics not addressed in Defendants' Motion for Summary Judgment:

- The merits of Plaintiff's alter ego/piercing the veil claim.
- What events transpired after the filing of Defendants' complaint in the Trademark Suit that do or do not support Plaintiff's abuse of process claim?
- The merits of Plaintiff's IIED claim.

The parties were instructed to fully brief the above three topics with applicable caselaw and cites to the record. Moreover, the parties were authorized to submit additional evidence with their supplemental briefs.

Following the supplemental briefing, the Court granted summary judgment in favor of Defendants. (*See* Order Granting Summ. J., ECF No. 357). Plaintiff now moves the Court to reconsider its Order granting summary judgment.

## II. <u>LEGAL STANDARD</u>

Pursuant to Federal Rule of Civil Procedure ("FRCP") 59, a district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error, or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. Moreover, Rule 60(b) permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect, Rule 60(b)(1); newly discovered evidence, Rule 60(b)(2); fraud, Rule 60(b)(3); a void judgment, Rule 60(b)(4); a satisfied or discharged judgment, Rule 60(b)(5); or other circumstances justifying relief, Rule 60(b)(6). "A party seeking reconsideration . . . must

state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1. "Motions for reconsideration are disfavored." *Id.*

## III. DISCUSSION

Plaintiff moves the Court to reconsider its Order granting summary judgment under FRCP 59(e) and 60(b)(1), (3), and (6). The Court addresses each of Plaintiff's arguments in turn.

### A. FRCP 59(e)

Plaintiff moves for reconsideration under FRCP 59(e) contending that the Court clearly erred and its Order was manifestly unjust because the Court (1) failed to provide notice that its *sua sponte* request for supplemental authority could result in a case-dispositive ruling, (2) erred by permitting Defendants to raise new arguments in the supplemental brief that were not present in the Motion for Summary Judgment, (3) denied Plaintiff a meaningful opportunity to be heard and to present additional evidence, (4) failed to account for Defendants intentional destruction of relevant evidence essential to Plaintiff's alter ego claim, and (5) improperly took credibility issues away from the trier of fact. (Mot. Recons. 2:23–3:4, ECF No. 358).

First, the Court did not fail to provide Plaintiff notice that its *sua sponte* request for supplemental authority could result in a case-dispositive ruling. The Court explained in its Order Directing Supplemental Briefing that "[t]he purpose of requesting briefing in this case is to obtain more information in order to make a more informed and reasoned decision about whether to address an issue and, if so, *how* the issue should be resolved." (Order Directing Suppl. Br. 1:13–15, ECF No. 333 (citing *Warren v. Comm'r.*, 282 F.3d 1119, 1120 (9th Cir. 2002) (emphasis added)). The Court specifically ordered the parties to submit supplemental briefing on their respective positions on: "The *merits* of Plaintiff's alter ego/piercing the corporate veil claim"; "What events transpired after the filing of Defendants' complaint in the

Trademark Suit that *do or do not support Plaintiff's abuse of process claim*?"; and "The *merits* of Plaintiff's intentional infliction of emotional distress claim." (Order Directing Supplemental Briefing 1:20–25 (emphasis added)). The Court's Order Directing Supplemental Briefing was clear that it was requesting information regarding the merits of Plaintiff's claims. Therefore, the Court did not fail to provide Plaintiff notice that its *sua sponte* request for supplemental authority could result in a case-dispositive ruling.

Second, the Court did not err by permitting Defendants to raise new arguments in the supplemental brief that were not present in the Motion for Summary Judgment. Plaintiff argues that the Court erred by allowing Defendants to argue that Plaintiff's alter ego claim failed as a matter of law in the supplemental brief because she "could not reasonably be expected to anticipate or rebut an argument that Defendant themselves had not raised." (Mot. Recons. 5:15–23). Under Federal Rule of Civil Procedure 56(f)(2), "[a]fter giving notice and a reasonable time to respond, the court may grant the motion [for summary judgment] on grounds not raised by a party." Fed. R. Civ. P. 56(f)(2). To that effect, the Court specifically invited all parties to address specific arguments not originally addressed in Defendants' Motion for Summary Judgment. (Order Directing Suppl. Br. 1:20–22 ("The parties shall file supplemental briefing . . . reflecting their respective positions on the following topics not addressed in Defendants' Motion for Summary Judgment.")). Among the specific topics the Court ordered the parties to address was the merits of Plaintiff's alter ego/piercing the corporate veil claim. (*Id.* 1:23). Thus, Plaintiff could and should have anticipated or rebutted Defendant's argument that the alter ego claim failed as a matter of law because the Court ordered Plaintiff and Defendants to each address the merits of the alter ego claim.

Third, the Court did not deny Plaintiff a meaningful opportunity to be heard and to present additional evidence. Plaintiff states that she was denied a full and fair opportunity to present her case because of the "denial of any opportunity to present additional evidence or

address newly raised arguments." (Mot. Recons. 6:6–7). However, the Court ordered the parties, including Plaintiff, to submit supplemental briefing on three, discrete topics, that had not yet been addressed by the parties. The Court therefore provided Plaintiff with an opportunity to address new arguments based on the three topics at issue. Further, the Court explicitly stated that "[t]he parties are also permitted to submit additional evidence." (Order Directing Suppl. Br. 2:3–4). The Court thus did not deny Plaintiff an opportunity to present additional evidence, but rather explicitly authorized each party to submit additional evidence. Plaintiff also explains that she was constrained by the supplemental briefing's 15-page limit and explained to the Court in her supplemental brief that "due to page limits, this is not an exhaustive list of factors, case law, or evidence." (Mot. Recons. 5:28–6:1). But the page limit does not excuse Plaintiff's failure to present all of the case law or cites to the record needed to support her arguments in her supplemental brief. Indeed, the Court explicitly informed the parties that they were "instructed to *fully* brief the above three topics with applicable caselaw and cites to the record." (Order Directing Suppl. Br. 2:1–3 (emphasis added)). Moreover, there was no restriction on the number of exhibits that could be filed with the supplemental briefing. Accordingly, the Court provided Plaintiff with a meaningful opportunity to be heard and to present additional evidence.

Fourth, the Court did not fail to account for Defendants' intentional destruction of relevant evidence essential to Plaintiff's alter ego claim because the record contains no finding of spoliation or bad faith.

Fifth, the Court did not improperly take credibility issues away from the trier of fact. Plaintiff contends that because her "claims depend in part on disputed testimony and inferences arising from Defendants' conduct and destruction of evidence, those issues must be resolved by a jury." (Mot. Recons. 10:10–13). However, in granting summary judgment to Defendants the Court did not make any credibility determinations regarding disputed testimony or inferences

arising from Defendants' conduct and alleged destruction of evidence. The Court therefore did not err.

In sum, Plaintiff fails to meet her burden of demonstrating that her Motion for Reconsideration should be granted under FRCP 59.

**B. FRCP 60(b)(1), (3), and (6)**

Plaintiff also moves for reconsideration under FRCP 60(b)(1), (3), and (6). (Mot. Recons. 1:17–18). FRCP 60(b)(1) permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Plaintiff, however, does not file points and authorities in support of her assertion that she is entitled to reconsideration under FRCP 60(b)(1). *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). FRCP 60(b)(3) provides that fraud, misrepresentation, or misconduct by an opposing party can be grounds for relief from a judgment or order. Fed. R. Civ. P. 60(b)(3). Plaintiff alleges that Defendants committed fraud on the Court through misrepresentations and spoliation of evidence, however as stated above, there is no finding in the record that Defendants' spoliated evidence or made misrepresentations such that FRCP 60(b)(3) is applicable. Lastly, having considered the briefing before the Court, Plaintiff fails to demonstrate any other reason that justifies relief under FRCP 60(b)(6).

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 358), is **DENIED**.

**DATED** this _13_ day of August, 2026.

Gloria M. Navarro, District Judge
United States District Court